### Williams
### v.
### Hyatt Legal Services
*[Cite as 2 AOA 459]*

*Case No. 14235*
*Summit County, (9th)*
*Decided March 14, 1990*

*James A. Rudgers, Attorney at Law, 1100 First Nat'l. Tower, Akron, OH 44308, for Plaintiff.*

*Alan M. Petrov, Attorney at Law, 7th Floor, Bulkley Bldg., 1501 Euclid Ave., Cleveland, OH 44115 for Defendant.*

HAYES, J.

Defendant-appellant appeals a jury verdict granting plaintiff-appellee compensatory and punitive damages for legal malpractice. We affirm.

In November 1986, plaintiff-appellee, Carol Williams called upon the office of defendant-appellant, Hyatt Legal Services ("Hyatt"). Williams required legal counsel regarding a pending misdemeanor charge and also required assistance in dealing with William's personal financial problems.

Upon paying a $20 initial consultation fee, Williams was assigned to speak with Hyatt staff attorney, Anita Davis. Davis told Williams that Hyatt would handle Williams's misdemeanor charge and file a Chapter 13 bankruptcy petition to attempt to save William's home from foreclosure. However, Davis stated that no work would be done on the cases until Hyatt's legal fees were paid in full. The following day, Williams paid Hyatt's $420 fee to handle the

misdemeanor charge. Williams' misdemeanor charge was subsequently dismissed.

On February 13, 1987, Williams paid Hyatt's $545 fee to handle the bankruptcy matter. Williams also returned a completed bankruptcy worksheet which Davis had given Williams at a previous meeting.

Davis subsequently told Williams that Davis had filed the Chapter 13 bankruptcy petition, and that Williams should not worry about the matter. Further, Williams continued to bring Davis foreclosure notices and also informed Davis that her automobile had been repossessed. On each occasion Davis reassured Williams that Williams home would be saved.

In late May or early June of 1987, Davis told Williams that she was resigning from Hyatt, however, Williams should not be concerned about the pending bankruptcy action. Williams then called her mortgage company and was told that Davis had never contacted the mortgage company.

After consulting with another attorney, Williams went back to Hyatt and requested her file. Dennis Jackson, managing attorney at Hyatt, told Williams that he had terminated Davis, and that Davis never filed the bankruptcy petition. Jackson discovered that the bankruptcy petition had not been filed approximately a week prior to the meeting with Williams. Williams then discharged Hyatt and received the contracts Williams signed retaining Hyatt.

Williams new attorney subsequently filed a Chapter 7 bankruptcy petition. However, Williams lost her home through foreclosure proceedings.

Williams subsequently brought the instant action against Hyatt for legal malpractice. A jury awarded Williams $2,750 in compensatory damages, and $75,000 in punitive damages. Hyatt appeals.

### ASSIGNMENTS OF ERROR

"I. The trial court erred in denying defendant's motion for directed verdict and its motion for judgment notwithstanding the verdict on plaintiff's claims for punitive damages."

"II. The trial court erred in denying defendant's motion for a directed verdict and defendant's motion for judgment notwithstanding the verdict on plaintiff's claim for severe emotional distress."

Hyatt contends that Williams presented insufficient evidence to support the award of punitive damages. Therefore, the trial court should have granted Hyatt's motions for directed verdict and judgment notwithstanding the verdict ("JNOV").

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." *Osler* v. *Lorain* (1986), 28 Ohio St. 3d 345, 347; *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275; Civ. R. 50.

The syllabus of *Preston* v. *Murty* (1987), 32 Ohio St. 3d 334, provides in part:

"Actual malice, necessary for an award of punitive damages, is \*\*\* a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."

An award of punitive damages against an employer is proper where the evidence establishes that the employer authorized, ratified or participated in the wrongful conduct of the employee. *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414, 428. Ratification may be evidenced either by an express order to do the act or an express approval of its commission, or it may be implied from the acts or conduct of the principal, and in this regard it has been said that slight acts of ratification will be sufficient to support a claim of exemplary damages against the employer. *Id.* at 430.

To authorize ratification it must appear that the employer had knowledge of the facts and circumstances attending the transaction or, at least, an intention to take upon himself without inquiry the risk of any improper acts of his agent. *Id.*

In the case *sub judice*, Davis accepted legal fees for work, however, failed to do the work. Davis also misrepresented to Williams that work would be performed, and later, that work had been performed, and later, that work had been performed. Davis' actions amounted to actual malice under the *Preston, supra*, standard.

Assuming, *arguendo,* that Davis was a mere agent of Hyatt, Hyatt ratified Davis's wrongful acts and is liable for punitive damages. Hyatt's managing attorney obtained knowledge of Davis's wrongful acts upon Davis's termination of employment. Hyatt knew that Davis had taken money from Williams and had done no work, however, Hyatt took no action to rectify the situation at any time. We hold that the trial court did not err in denying Hyatt's motions for directed verdict and JNOV, as there was sufficient evidence presented to support the jury's award of punitive damages.

Hyatt also asserts that Williams failed to present sufficient evidence of severe emotional distress to support the award of compensatory damages.

"***".

"Serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case."

"***." *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, paragraph 3a of the syllabus.

In the case *sub, judice,* Williams presented evidence that following the foreclosure on her home she felt like a failure. There was further evidence presented that Williams would regularly stare and cry, and the Williams was unable to sleep. Williams also lost weight. William's father testified that Williams acted like a different person and thought that her depression would lead to Williams ending up "in some kind of mental place." Also, Williams did speak with a physician concerning her problems regarding losing her home.

We hold that Williams presented sufficient evidence from which the jury could find severe emotional distress and that Hyatt's acts were the cause of such stress. Therefore, the trial court did not err in denying Hyatt's motions for directed verdict and JNOV.

The first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

"The jury's punitive damage award was excessive and not reasonably related to the compensatory damage award. The trial court erred in denying defendant's motion for a new trial or a remittitur."

Hyatt contends the trial court erred in failing to enter remittitur.

A jury verdict as to punitive damages which is not the result of passion and prejudice or prejudicial error will not be reduced on appeal. *Villella* v. *Waikem Motors, Inc.* (1989), 45 Ohio St 3d 36, syllabus. Low compensatory and high punitive damages assessed by a jury are not in and of themselves cause to reverse a judgment or grant remittitur. *Id.* at 40.

In the case *sub judice,* the punitive damages were reasonable and were not the result of passion and prejudice or prejudicial error. Therefore, we hold that the trial court did not err in denying Hyatt's motion for remittitur.

Hyatt also contends the trial court erred in failing to grant a new trial, because the punitive damages assessed against Hyatt were excessive.

In determining whether the trail court properly denied Hyatt's motion for new trial, we must look to see if the trial court abused its discretion by not finding that a manifest injustice was done. *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, paragraph three of the syllabus; Civ. R. 59. We must view the evidence favorably to the trial court's action. *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320. An abuse of discretion is more than an error of law or judgment, but implies that the attitude on the part of the trial court is unreasonable, arbitrary or unconscionable. *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61.

In the case *sub judice,* there was substantial evidence presented to support the verdict. We hold that the trial court did not abuse its discretion in denying Hyatt's motion for new trial. The third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"The trial court erred in its charge on the issue of punitive damages, and a new trial should be ordered on the issue of punitive damages."

Hyatt asserts that the trial court erred in instructing the jury upon reckless hiring as a ground for punitive damages. Assuming, *arguendo,* that Hyatt is correct in this assertion, there remains no prejudice to Hyatt. The jury could award punitive damages regardless of the jury instruction of reckless hiring, as Hyatt ratified Davis's wrongful acts. The fourth assignment of error is overruled.

### CROSS-ASSIGNMENT OF ERROR

"The trial court erred in refusing to instruct the jury that it could award punitive damages against Hyatt Legal Services if it found that

Anita Davis was a managing agent of the defendant."

We need to consider Williams cross-assignment of error pursuant to R.C. 2505.22 and the holding in *Morgan* v. *Cincinnati* (1986), 25 Ohio St. 3d 285, 290.

*Judgment affirmed.*

CACIOPPO, P. J.
CIRIGLIANO, J.
Concur

(HAYES, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A)(3), Constitution).