**HOLBERT**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 94–03947.

Decided Nov. 28, 1995.

*William D. Holbert, pro se.*

*Betty D. Montgomery,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

Plaintiff is an inmate in the custody of defendant pursuant to R.C. 5120.19. The incident of which plaintiff complains arose during his incarceration at the Trumbull Correctional Institution ("TCI").

Plaintiff was transferred to TCI from the Marion Correctional Institution on February 24, 1993. Plaintiff was assigned to the top bunk in his cell. On February 27, 1993, plaintiff jumped to the floor from his top bunk and injured his left knee. Plaintiff's knee had a "goose-egg" size swelling.

Plaintiff's left knee had been previously injured in a motorcycle accident sometime in 1987 or 1988. Plaintiff had a history of knee problems and discomfort arising from the motorcycle accident. On March 10, 1993, plaintiff reported to Corrections Officer William D. Miller that he required treatment for his knee injury. Miller called the infirmary and was told that a doctor could see plaintiff the next day.

Dr. Thomas E. Ragland, the prison physician, saw plaintiff on March 11, 1993. Dr. Ragland examined plaintiff's knee and found a small trauma to the lateral portion of the knee. He prescribed an elastic wrap for the knee and authorized a bottom bunk assignment for plaintiff.

■ Plaintiff advances his cause of action on three theories of negligence. Plaintiff claims that he was injured because (1) defendant failed to provide a ladder for the bunk bed; (2) defendant initially assigned him to the top bunk; and (3) defendant failed to provide adequate medical care. In a claim predicated on negligence, plaintiff has the burden of proving by a preponderance of the evidence that defendant owed him a duty and breached that duty and that the breach was the proximate cause of his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

■ The duty of defendant is one of ordinary care in the furtherance of a custodial or prisoner relationship. *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 21 O.O.3d 198, 423 N.E.2d 856. While we are cognizant of a special relationship between an inmate and his custodian, no higher standard of care is derived from this relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. In other words, defendant has a duty to maintain its premises in a reasonably safe condition. The standard of care is that which is reasonable and ordinary for the health, care and well-being of the prisoner. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287.

■ Plaintiff asserts that defendant was negligent in failing to provide a ladder for the top bunk bed in his cell. In order to find defendant negligent, the court would have to conclude that the failure to provide a ladder posed an unreasonable risk of harm to plaintiff.

The evidence presented at trial proved that there exists no standard which requires defendant to provide a ladder for inmates to use to get on and off top bunk beds. Furthermore, the court finds that the bed provided by defendant was reasonable and did not pose an unreasonable risk of harm to plaintiff. Consequently, defendant did not breach any duty owed to plaintiff with regard to the type of bunk bed provided to him.

■ Plaintiff claims that defendant failed to assign him to a lower bunk upon his transfer from MCI. The classification of prisoners and their placement are administrative functions which are due great deference. *Bell v. Wolfish* (1979), 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447. This court will not interfere with the prison officials' decision on where an inmate is placed within the institution.

■ Plaintiff also claims that defendant failed to render adequate medical treatment. More specifically, plaintiff complains that his knee went untreated for

eleven days. Plaintiff testified that he attempted to gain treatment for his injury on February 28, 1993, from Sgt. Smith and again sought treatment from Corrections Office Watson on March 8, 1993. On March 10, 1993, he complained to Corrections Officer Miller that he needed medical attention. Treatment was rendered on March 11, 1993. The court finds that plaintiff has failed to prove by a preponderance of the evidence that defendant breached its duty to provide reasonable medical care under the circumstances.

Moreover, Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court further finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. More specifically, plaintiff's disregard for his previously injured knee when he leapt to the floor from the top bunk was more than fifty percent of the proximate cause of his injuries.

For the reasons stated herein above, plaintiff has failed to prove by a preponderance of the evidence the existence of actionable negligence. Judgment is hereby rendered for defendant and against plaintiff in this matter.

*Judgment for defendant.*