**SHIRLEY**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 93–13736.

Decided Dec. 8, 1995.

*James M. Moore*, for plaintiff.

*Betty D. Montgomery*, Attorney General, and *Rosa P. Wright*, Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

The court conducted a trial in this matter at Lebanon Correctional Institution ("LCI"). Plaintiff Gerald Lee Shirley is an inmate in the custody and control of the Department of Rehabilitation and Correction pursuant to R.C. 5120.19. Plaintiff alleges defendant failed to maintain the ceiling in his assigned cell, which defendant denies.

Plaintiff was awakened on the morning of October 22, 1991, when a chunk of concrete struck him on the head. The chunk had become dislodged from a portion of the header beam of the ceiling in cell 3G–1 that ran directly over the head of plaintiff's bunk. The chunk was triangularly shaped, eight inches on a side with a four-inch base.

Immediately after plaintiff was struck by the chunk of concrete, he reported the incident to C.O. Johnson and showed him his injury. Plaintiff was sent to the infirmary and treated for a superficial laceration on his head.

Before the incident and within a week of his assignment to the top bunk of cell 3G–1, plaintiff had pointed out a crack in the beam to Sgt. Timmler. The crack could also be seen from the door of the cell. Plaintiff's bunk was situated in a perpendicular fashion to the header beam and bolted to the floor.

▮▮▮ Plaintiff's complaint is construed to set forth a single cognizable action, which is one sounding in negligence. In a claim predicated on negligence, the plaintiff has the burden of proving by a preponderance of the evidence, the existence of a duty, the breach of that duty, and injury resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

▮▮▮ The duty of defendant is one of ordinary care in the furtherance of a custodian or prisoner relationship. *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 21 O.O.3d 198, 423 N.E.2d 856. While cognizant of a "special relationship" between an inmate and his custodian, no higher standard of care is derived from his relationship, *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439, unreported. In other words, defendant has a duty to maintain its premises in a reasonably safe condition. The requisite standard of care is that which is reasonable and ordinary for the health, care and well-being of the prisoner. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 20 OBR 166, 485 N.E.2d 287.

Consequently, plaintiff bears the burden to prove that defendant was aware of the condition existing on the premises and that the condition posed an unreasonable risk of harm to the inmate. More specifically, plaintiff must prove that defendant was aware of the crack in the concrete and that this condition posed an unreasonable risk of harm.

Although defendant may have had notice of the crack in the ceiling of plaintiff's cell, the court finds that this crack did not, in and of itself, pose an unreasonable risk of harm to plaintiff. Defendant did not act unreasonably in light of the circumstances. Giving notice of a condition evidencing cracked concrete without more is not notice of an unreasonable risk of harm.

Based upon the foregoing, the court finds plaintiff has failed to prove by a preponderance of the evidence the existence of actionable negligence. The court hereby renders judgment in favor of defendant and against plaintiff in the foregoing matter.

*Judgment for defendant.*