[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Brian Parrish appeals from the judgment of the trial court granting plaintiff-appellee Kelly Ann Perry's motion for a new trial in a negligence action arising from an automobile accident caused by Parrish. Following trial, a jury rendered a verdict in Perry's favor for $7,500. Perry moved for and was granted a new trial on the grounds that the verdict was against the manifest weight of the evidence.
Specifically, the trial court held that the jury improperly ignored the testimony of both Perry's physician and the physician retained by Parrish to perform an independent medical examination of Perry. The record shows that the physicians agreed that Perry had suffered lumbar and cervical strains in the accident, that all of her medical expenses to the dates of their respective examinations were related to the injuries caused by the accident, and that Perry had a five-percent permanent impairment as a result of the accident. Perry presented evidence that she incurred over $17,000 in medical expenses for treatment of her injuries. Her treating physician, Dr. Fitz, testified that she would incur expenses related to the injury in the future, and that his estimate of the future expenses was approximately $7,500. However, the jury awarded only $7,500 to Perry.
The decision to grant a motion for a new trial on the weight of the evidence rests in the sound discretion of the trial court.[1] "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion," a reviewing court cannot reverse the trial court's decision without a showing that the trial court abused its discretion.[2] An abuse of discretion is more than an error in judgment; it implies that the lower court's decision was unreasonable, arbitrary or unconscionable.[3]
Moreover, when the trial court's decision concerns questions of fact, the generally accepted rule is that a reviewing court "should view the evidence favorably to the trial court's action rather than to the jury's verdict."[4] In Jenkins v. Krieger,[5]
the court emphasized the Rohde court's distinction, "one of substantially universal recognition," between granting a new trial and granting judgment notwithstanding the verdict. Quoting Rohde, the Jenkins court stated,
"In appraising this action of the trial court, it is important to distinguish between the granting of a new trial and entering of a judgment notwithstanding the verdict. As to the former, the trial court is indeed endowed with a wide latitude of discretion in granting a new trial when he thinks the jury's verdict results in manifest injustice. This power is necessary to fulfill his function of maintaining general supervision over litigation to guard against miscarriages of justice which sometimes occur at the hands of juries. * * *"[6]
In Jenkins, the court held that the trial court's decision on the motion for a new trial involved questions of fact, and, consequently, that the reviewing court was required to view the evidence favorably to the trial court's action rather than to the jury's verdict, because the trial court's discretion might be supported by a determination from the surrounding circumstances and atmosphere of the trial that the jury's verdict resulted in manifest injustice.[7]
When the trial court sets forth facts that constitute a reasonable basis for the determination that the verdict is against the manifest weight of the evidence, reviewing courts generally find no abuse of discretion in granting a motion for a new trial.[8]
In this case, the trial court indicated its belief that, although the jury had found in Perry's favor, its award of damages was contrary to the weight of the evidence due to its failure to consider the undisputed testimony of both physicians that all of Perry's medical expenses were reasonable and were related to the accident, and that Perry had a five-percent permanent disability. Having reviewed the record, we hold that the trial court had a reasonable basis for determining that the verdict on damages was against the manifest weight of the evidence and for granting the motion for a new trial. We cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable. Finding no abuse of discretion, we overrule Parrish's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] Civ.R. 59(A)(6); see Rohde v. Farmer (1970), 23 Ohio St.2d 82,262 N.E.2d 685, paragraphs one and two of the syllabus.
[2] See Antal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144,145, 459 N.E.2d 223, 225, quoting Rohde, supra, at paragraph one of the syllabus; Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285,286, 291 N.E.2d 739, 740.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[4] See Tobler v. Hannon (1995), 105 Ohio App.3d 128, 130,663 N.E.2d 732, 733, quoting Rohde, supra, at 94, 262 N.E.2d at 1692.
[5] (1981), 67 Ohio St.2d 314, 320, 423 N.E.2d 856, 860-861.
[6] Id.
[7] See Jenkins, 67 Ohio St.2d at 320, 423 N.E.2d at 861; see, also, Bland v. Graves (1993), 85 Ohio App.3d 644, 650,620 N.E.2d 920, 923; Krejci v. Halak (1986), 34 Ohio App.3d 1, 3,516 N.E.2d 235, 237; Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249,253, 487 N.E.2d 588, 593.
[8] See Antal, supra, 9 Ohio St.3d at 147, 459 N.E.2d at 226-227;Osler v. Lorain (1986), 28 Ohio St.3d 345, 351, 504 N.E.2d 19,24.