OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting the motion for new trial of plaintiffs-appellees, Gene Noday, et al., against defendant-appellant, Tri-State Plaza.
On January 4, 1994, at approximately 6:00 a.m., Gene Noday (Noday) entered a parking deck owned by appellant. It had been extremely cold and the cold weather allegedly caused a city water pipe to burst, thereby flooding the basement of the parking deck. Noday, who was without knowledge of the flooding, entered an elevator and proceeded to take the elevator to the basement level of the parking deck. The elevator began to descend, then allegedly stopped. Noday believed that he had reached the basement level and stepped toward the door of the elevator. The elevator then allegedly dropped without warning a distance of about three feet, and Noday was thrust against the wall of the elevator, allegedly injuring his elbow and back. The elevator's doors allegedly refused to open and the elevator began filling with water. Noday testified that this water level reached his waist as he attempted to open the door. The elevator's doors thereafter opened and Noday was exposed to the allegedly waist-high deep waters in the basement level. Noday then walked an alleged distance of fifty feet to the stair level and escaped the deep water of the basement.
Noday and his wife Mary Jane Noday (hereinafter referred to collectively as appellees), filed a complaint against appellant. Appellees claimed physical and mental injuries as well as loss of consortium. Trial by jury commenced on November 3, 1997, and concluded when the jury returned a defense verdict. Appellees moved for a new trial, arguing that the trial court permitted inadmissible evidence and also that the trial court should use its sound discretion in preventing a miscarriage of justice. The trial court granted appellees' motion on the basis that the jury's verdict was against the manifest weight of the evidence. This appeal followed.
Appellant's sole assignment of error alleges:
 "THIS IS AN APPEAL FROM THE TRIAL COURT'S ORDER GRANTING PLAINTIFF'S (sic) MOTION FOR NEW TRIAL. THE SOLE ASSIGNMENT OF ERROR IS THE TRIAL COURT'S ABUSE OF DISCRETION."
Civ.R. 59 (A) (6) permits a trial court to grant a motion for new trial on the grounds that the judgment is not sustained by the weight of the evidence, stating:
"(A) Grounds
 "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;"
A trial court's judgment on granting a new trial is reviewed on an abuse of discretion basis. Osler v. Lorain
(1986), 28 Ohio St.3d 345. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Tracy v. Merrill-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152.
Appellant argues that the trial court abused its discretion in granting the motion for new trial. Appellant cites Wargov. Buck (1997), 123 Ohio App.3d 110, 116, wherein this court stated, "A judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence." Appellant also cites Verbon v. Pennese (1982), 7 Ohio App.3d 182,183, wherein the court quoting Poske v. Mergl (1959),169 Ohio St. 70, held that a trial court may not set aside a verdict as being against the manifest weight of the evidence based upon a mere difference of opinion. Appellant contends that the trial court erred in granting a new trial because the jury's verdict was supported by competent, credible evidence. Wargo,supra. Appellant also maintains that the trial court's basis for granting a new trial was a difference in opinion, which is not a permitted ground. Verbon, supra. Therefore, appellant argues that the trial court abused its discretion in granting appellees' motion for a new trial.
While appellant cites this court's decision in Wargo, supra,
such reliance is misplaced. In Wargo, supra, this court considered an argument on appeal that the jury's failure to award damages should have been reversed as being against the manifest weight of the evidence. The trial court in Wargo, supra, did not grant a motion for a new trial, which occurred in the present matter. The proper test to be used in reviewing a trial court's granting of a new trial based upon the verdict being against the manifest weight of the evidence was set forth in Osler, supra. InOsler, supra, at 351, the Ohio Supreme Court held:
 "This court has stated that in ruling on a motion for a new trial, the trial court is afforded wide discretion in determining whether a jury's verdict is against the manifest weight of the evidence, for the court must ensure, in its supervisory capacity, against a miscarriage of justice. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 91-93 [52 O.O.2d 376]; Jenkins v. Krieger
(1981), 67 Ohio St.2d 314, 320 [21 O.O.3d 198]. The trial court may examine the sufficiency of the evidence in so doing. Rohde, supra, at 92. Where the trial court's decision on the motion for a new trial involves questions of fact, as in this case, our task as a reviewing court is to `view the evidence favorably to the trial court's action rather than to the jury's verdict.' Krieger, supra, at 320.
 "This court's review of a decision to grant a new trial does not involve an evaluation or weighing of the evidence, Rhode, supra,
at 94-95, and the trial court's judgment should not be reversed absent an abuse of discretion, id. at paragraph one of the syllabus. Because the trial court herein set forth facts which constituted a reasonable basis for the determination that the verdict was against the manifest weight of the evidence, we find no abuse of its discretion * * *." (Emphasis added).
In the case at bar, appellees' complaint was based upon the alleged negligence of appellant in failing to warn Noday of the flooded basement. It was not brought under a claim that appellant was negligent in maintaining the elevator, and there was no evidence of such alleged negligence presented. Noday was an invitee on appellant's premises and as such appellant owed Noday a duty to exercise ordinary and reasonable care to warn of latent defects on the property which appellant had knowledge or should have knowledge. Nadel v. Burger King Corp. (1997), 119 Ohio App.3d 578,589. Whether appellant met its burden was a question of fact for the jury's consideration. See Anderson v. CSXTransp., Inc. (1991), 74 Ohio App.3d 365, 372. The trial court correctly instructed the jury to determine whether appellant had used ordinary care in warning Noday of defects which it had knowledge or should have knowledge. The trial court thereafter correctly instructed the jury that in the event they found appellant to have breached its duty, to determine whether such breach caused the claimed injuries of appellees. The jury returned a verdict for appellant.
In its judgment entry granting appellees' motion for a new trial, the trial court stated, "The failure to inspect the premises and to discover the evidence of so much water in the basement when such a condition was so obvious if the attendant had merely looked into the basement, was clearly negligence." The trial court thereafter found that Noday suffered damages caused by appellant's negligence. The trial court had extensive experience and was in the best position to determine whether the jury verdict resulted in a miscarriage of justice. Furthermore, the trial court has broad discretion in granting a new trial to prevent a miscarriage of justice. This court may not weigh the evidence, but must view the evidence in a light most favorable to the trial court's decision. Osler, supra.
In the case at bar, the evidence demonstrated that Noday did not receive warning that the basement of the parking deck was flooded. (Tr. 309). The elevators were not shut down, nor was there any type of sign warning not to use the elevator. (Tr. 309). The evidence also indicated that after Noday began to descend to the basement, the elevator suddenly paused and dropped, thereby thrusting Noday against the side of the elevator. (Tr. 311). The elevator doors then refused to open and the elevator began filling with water. (Tr. 314). Noday testified that he believed he would be killed since the elevator filled with water and the doors refused to open. (Tr. 316). The trial court also heard evidence indicating that Noday suffered an injured elbow, back and hip. (Tr. 162-165). Noday's wife further testified that he had trouble sleeping and would wake up from nightmares following the incident. (Tr. 268). Viewing this evidence in a light most favorable to the trial court's decision to grant the motion for a new trial, the trial court had a reasonable basis to determine that the judgment was against the manifest weight of the evidence. Osler, supra. Therefore, the trial court did not abuse its discretion in granting appellees' motion for a new trial.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs. Waite, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE