DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entry of the Jackson County Court of Common Pleas denying the appellant's motion for additur, or in the alternative a new trial on the issue of damages awarded following a jury verdict.
In 1995, the appellant was working in a field in Jackson County, Ohio, when the appellee discharged a shotgun in the direction of the appellant, striking her in the face with a pellet. The appellant was privately transported to the emergency room at Adena Hospital in Chillicothe, Ohio, where she was diagnosed with a superficial puncture wound to the left cheek. An emergency room physician treated the appellant. A shotgun pellet was manually removed from the appellant's left cheek. Her wound was cleaned with Betadine and covered with a Band-Aid. The appellant did not require any follow-up treatment after being released.
The appellant filed a complaint for damages based on negligence and infliction of mental distress. The trial court ultimately granted summary judgment on the issue of liability only and scheduled a trial on the issue of damages.
The case was tried to a jury, which returned a verdict in favor of the appellant for $329.71, almost the exact amount of the appellant's emergency room medical bills. After the trial court entered a judgment in favor of the appellant in that amount, the appellant filed a motion for additur or in the alternative a new trial on the issue of damages. In her motion, the appellant argued that the jury's verdict was inadequate, against the manifest weight of the evidence, and contrary to law pursuant to Civ.R. 59(A)(4), (A)(6), and (A)(7). The trial court denied the appellant's motion and the appellant filed a timely notice of appeal. The appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF-APPELLANT'S MOTION FOR AN ADDITUR OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL ON THE ISSUE OF DAMAGES."
Additur is the power of a trial court, with the consent of the defendant, to increase the amount of an inadequate award of damages made by a jury as a condition of the denial of a motion for a new trial.Slivka v. C.W. Transport, Inc. (1988), 49 Ohio App.3d 79 . Additur cannot be granted without the defendant's consent because to do so would allow the court to arbitrarily usurp the role of the jury. Id. See, also, Flossv. Collins (Oct. 29, 1999), Lucas App. No. L-99-1103, unreported. The appellee did not consent to additur in this case. Thus, we conclude that the trial court did not err in denying the appellant's motion for additur. We turn now to the motion for a new trial.
Trial courts typically have broad discretion in determining whether to order a new trial. Iames v. Murphy (1993), 106 Ohio App.3d 627, 631, citing Osler v. City of Lorain (1986), 28 Ohio St.3d 345 . "`Where the trial court is authorized to grant a new trial for a reason that requires the exercise of a sound discretion, the order granting the new trial may be reversed only upon a showing of abuse of discretion by the trial court.'" Jenkins v. Krieger (1981), 67 Ohio St.2d 314, 320, citingYungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286, and Rohde v. Farmer
(1970), 23 Ohio St.2d 82, paragraph one of the syllabus. An abuse of discretion involves more that an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342.
The appellant contends that she is entitled to a new trial under Civ.R. 59(A)(4), (A)(6), and (A)(7). Civ.R. 59(A) provides in part:
A new trial may be granted to all or any of the parties and on all or part of the issues upon any the following grounds:
(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
the judgment is not sustained by the weight of the evidence;
the judgment is contrary to law;
* * *
Under Civ.R. 59(A)(4), a new trial is warranted based on a showing that the jury verdict was inadequate and that the jury gave its verdict under the influence of passion or prejudice. Delawder v. Pierce (Mar. 23, 1999), Lawrence App. No. 98CA28, unreported. "In assessing whether the trial court has abused its discretion in overruling a motion for a new trial under Civ.R. 59(A)(4), we must consider: (1) the amount of the verdict; (2) whether the jury considered incompetent evidence; (3) any improper conduct by counsel; and (4) any improper conduct which can be said to have influenced the jury." Id. (citations omitted).
In this case, the appellant does not allege any improper conduct in her assignment of error. Rather, she relies solely on the amount of the verdict as evidence that it was the product of passion or prejudice. The amount of the verdict alone is normally not conclusive proof of passion or prejudice. Delawder, supra. However, a finding of passion or prejudice on the part of the jury is appropriate when the verdict is "so overwhelmingly disproportionate as to shock the sensibilities." Id., see, also, Pena v. Northeast Ohio Emergency Affiliates (1995),108 Ohio App.3d 96, 104.
At first glance, a $329.71 award would seem to be inordinately low for injuries suffered as a result of a gunshot wound. However, upon review of the record, we cannot say that the jury's verdict in this case was so low as to shock the sensibilities. The record shows that the appellant did not require extensive medical treatment for her injuries. An emergency medical services unit responded to the scene of the incident, but did not treat the appellant or transport her to the hospital. Rather, the appellant was privately transported to the emergency room in Chillicothe where she was diagnosed with a "Superficial Puncture Wound of Cheek". An emergency care physician removed a single shotgun pellet from the appellant's left cheek, and her wound was cleaned and covered with a Band-Aid. The appellant did not require stitches, did not receive any pain medication, and did not require any follow-up treatment. Moreover, the appellant was able to continue to work and she did not suffer any permanent disability or scarring.
Based on the evidence presented at trial, we cannot say that the jury's verdict was so low as to evidence passion or prejudice pursuant to Civ.R. 59(A)(4). The jury could have reasonably concluded that $329.71 was an adequate damage award — given the extent of the appellant's injuries — without passion or prejudice ever coming into play. Accordingly, we find that the trial court did not abuse its discretion in denying the appellant's motion brought pursuant to Civ.R. 59(A)(4).
Next, the appellant argues that the jury's verdict was against the manifest weight of the evidence since it did not include damages for pain and suffering and emotional distress. Pursuant to Civ.R. 59(A)(6), the appellant is entitled to a new trial if the damage award is contrary to the manifest weight of the evidence. A reviewing court can reverse a trial court's ruling on a motion for a new trial based on the weight of the evidence only upon a finding that the trial court's decision constitutes an abuse of discretion. Malone v. Courtyard by Marriott L.P.
(1995), 74 Ohio St.3d 440, 448, citing, Rohde, supra; see, also, Osler,supra.
The appellant contends there are numerous cases in Ohio that have held that a damage award representing essentially undisputed special damages, with no valuation for uncontroverted general damages, is contrary to the manifest weight of the evidence. Hughes v. Koop (Feb. 18, 1997), Clermont App. No. CA96-10-081, unreported; see, also, Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported (summarizing similar cases from other appellate districts). However, it does not necessarily follow that a jury must award for pain and suffering once it has awarded damages for medical expenses. Neal v. Blair (June 10, 1999), Lawrence App. No. 98CA37, unreported. When the nature of a purported injury is relatively minor, the extent of the injury and related pain and suffering is manifestly a jury question. Caldwell v. Saunders (May 9, 1986), Gallia App. No. 84CA23, unreported. The jury is at liberty to weigh all of the evidence presented and decide which evidence it determines to be credible. Neal, supra. This is especially true when the evidence of pain and suffering is closely contested.
In this case, the only evidence offered to establish pain and suffering was the appellant's subjective testimony that was not well developed at trial, and that was effectively contradicted on cross-examination. The appellant testified that the shot to her face "stung worse than * * * [a BB]" and that "it hurts when you get shot." The appellant also testified that her wound still bothered her, although the scarring had gone away.
On the other hand, the appellee brought out on cross-examination that the appellant did not receive any pain medication at the emergency room, she did not receive a prescription for pain medication, she did not require any follow-up treatment for her injuries, and she was able to continue to work.
In a case like this where there is only scant testimony to establish the extent of plaintiff's pain and suffering, and the testimony that is given is contested, the jury is free to disbelieve the appellant's subjective complaints of pain and conclude that her injuries, if any, were minimal. Neal, supra; Saunders, supra; see, also, Whigham v. Hall
(Sept. 19, 1990), Hamilton App. No. C-890608, unreported. Accordingly, we cannot say that the trial court abused its discretion in denying the appellant's motion under Civ.R. 59(A)(6) based on the jury's failure to award damages for pain and suffering.
This same rationale is applicable to the appellant's claim for emotional distress. The appellant is not entitled to damages on a claim of negligent infliction of emotional distress merely by the fact that she was injured. See Paugh v. Hanks (1983), 6 Ohio St.3d 72
. The plaintiff must prove that she suffered "serious" emotional distress. As stated in Paugh, serious emotional distress describes emotional injury which is both severe and debilitating. Id.
At the trial, the appellant testified that she was scared when she observed the appellee with a shotgun and that she started to run across the field. She testified that she was so scared she did not know what to do. She stated that she became more frightened when she felt the sting of the shot hit her face, put her hand to her face, and saw blood on her hand. In addition, the appellant testified that she has trouble sleeping as a result of the incident, and she is scared what the appellee might do.
However, on cross-examination, the appellant testified that she did not seek treatment for her sleeping problem, and that she continued to work after the incident. Presented with the overall evidence, the jury could have reasonably concluded that the appellant's alleged emotional distress was not "severe and debilitating," and thus not compensible under Ohio law. Therefore, we hold that the trial court did not abuse its discretion in denying the appellant's motion for a new trial under Civ.R. 59(A)(6) based on the jury's failure to award damages for emotional distress.
Finally, the appellant argues that the jury's verdict is contrary to law pursuant to Civ.R. 59(A)(7). A motion brought pursuant to Civ.R. 59(A)(7) presents a question of law, and does not involve a review of the weight of the evidence. Pangle v. Joyce (1996), 76 Ohio St.3d 389. In this case, the appellant failed to address how the jury's verdict is contrary to law under Civ.R. 59(A)(7). Therefore, we find that the appellant's claim pursuant to Civ.R. 59(A)(7) is redundant and without merit.
For all the foregoing reasons, the appellant's sole assignment of error is overruled.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion
 ________________________ William H. Harsha, Judge