{¶ 39} I respectfully dissent from the decision reached by my colleagues and accordingly would affirm the trial court's grant of the new trial motion.
 {¶ 40} Civ. R. 59 gives a trial court many reasons for granting a new trial and, as we have stated many times, the trial court's decision granting a new trial is reviewed for an abuse of discretion. Carter v.RB Pizza Co., Inc., 7th Dist. No. 06JE5, 2008-Ohio-1530, ¶ 24, citingMannion v. Sandel (2001), 91 Ohio St.3d 318, 322. This standard only allows appellate reversal of the grant of a new trial if the trial court acted unreasonably, arbitrarily or unconscionably. Harris v. Mt. SinaiMed. Ctr., 116 Ohio St.3d 139, 2007-Ohio-5587, ¶ 36 (defer to trial court and uphold grant of new trial if competent, credible evidence to support court's finding). When a trial court's decision on a motion for a new trial involves a question of fact, a reviewing court must view the evidence in a light favorable to the trial court's decision. Osler v.Lorain (1986), 28 Ohio St.3d 345, 351, citing Jenkins v. Krieger (1981),67 Ohio St.2d 314, 320. A new trial can be upheld if there are aberrations that pervade the record or other glaring defects that caused a miscarriage of justice. Jenkins, 67 Ohio St.2d at 321.
 {¶ 41} Here the trial court granted the new trial on the basis of "surprise which ordinary prudence could not have guarded against." 04/08/07 J.E. Given that trial court's very rarely grant new trial motions and the wide latitude of discretion that reviewing courts give to trial court in granting or denying a new trial motion, I find it hard to reverse the trial court's decision. In my opinion, we are overstepping our appellate review in reversing the grant of the new trial in this instance.
 {¶ 42} Furthermore, even if the reason cited by the trial court, surprise, was incorrect, there are other reasons for granting the new trial motion in which we could uphold the trial court's decision.Carter, 7th Dist. No. 06JE5, 2008-Ohio-1530, ¶ 26. For instance, at the trial level and here, appellee argued Civ.R 59(A)(1), irregularity in the proceedings of the court or prevailing party, or abuse of discretion by which an *Page 12 
aggrieved party was prevented from having a fair trial. This could provide a basis for affirming the trial court's decision as could the catchall "for good cause shown." Given the disputes about the cellular phone bills and what the evidence showed, the trial court acted within its discretion to grant the new trial motion. Thus, I would uphold the trial court's decision to grant a new trial on the issue of the cellular phone bills. *Page 1