YUNGWIRTH ET AL., APPELLANTS, *v.* McAVOY, APPELLEE.

[Cite as Yungwirth v. McAvoy (1972), 32 Ohio St. 2d 285.]

(No. 72-193—Decided December 15, 1972.)

286

*Messrs. Weisman, Goldberg, Weisman & Pearlman* and *Mr. Fred Weisman,* for appellants.

*Messrs. Davis & Young* and *Mr. George W. Lutjen,* for appellee.

*Per Curiam.* Appellants maintain that the jury's verdict was against the manifest weight of the evidence, and seek a new trial.

As succinctly stated by the late Justice Zimmerman: "This court does not weigh evidence." *Schofield* v. *Cleveland Trust Co.* (1948), 149 Ohio St. 133, 139.

Even assuming that we were to weigh the evidence, examination of the record reveals substantial support for the jury's verdict. As most recently stated by this court in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, the question of whether to grant a new trial upon the basis of the weight of the evidence is within the sound discretion of the trial court. Appellants have failed to demonstrate that the trial court abused its discretion in denying a new trial on such basis.

Although appellants failed to object, they now argue that the trial court's charge to the jury was deficient in

several respects. Most notably, they contend that the trial court failed "to define the concept of negligence."

We disagree. The primary factual dispute was whether the traffic signal was green for appellant Mrs. Yungwirth or for appellee. The question of liability turned upon the resolution of this factual dispute. In its charge, the trial court told the jury:

"* * * the one question to decide first for the members of the jury, is whether the plaintiff in this case, Mrs. Yungwirth, entered the intersection with the green light. In other words, was the light green for her when she entered the intersection.

"If you find that to be the fact in this case * * * then you should find for the plaintiffs."

The court continued its charge to the jury with an extensive—and correct—set of instructions regarding the burden of proof borne by plaintiffs.

Based upon the evidence herein, if the light was green for appellant Mrs. Yungwirth, it was red for appellee. If red for appellee, he was negligent as a matter of law; and thus civilly liable for appellants' damages. The failure of the court to define and to fully charge on negligence is merely a failure to instruct the jury as to *why* it should find for the plaintiff-appellants if it found that Mrs. Yungwirth entered the intersection on the green light; an instruction which was not necessary under the circumstances.

From the record in this case we conclude that the instructions adequately apprised the jury of its duty respecting the question of liability.

We have likewise read the other complaints made of the trial court's charge, and find them to be equally without merit.

Even, however, were we to assume that certain aspects of the charge were somehow deficient, we are met with Ohio Civ. R. 51(A), which provides in pertinent part: "No party may assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Prior

to the adoption of this rule, only errors of omission required timely objection to preserve review. See *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107.

Appellants urge that Civ. R. 51(A) works no change in the law and that, in any event, this court should carve out an exception to the rule.

Clearly, Civ. R. 51(A) did effectuate a change in the law of civil procedure to the effect that timely objection must be made to preserve review regardless of whether the error was one of omission or commission.

The exception to Rule 51(A), for which appellants contend, is fully expounded, as applicable to the federal courts,* in the case of *McNello* v. *John B. Kelley, Inc.* (3rd Cir. 1960), 283 F. 2d 96. *McNello*, like the present case, involved a negligence action. There, at page 102, the reviewing court held that the "error below was so 'fundamental' as to permit us to review it despite the fact that no pertinent objection was made to the charge * * *." However, the court, in *McNello*, went on to say that it was presented with "an extreme set of circumstances," and that the question of liability "was submitted to the jury with what was tantamount to no instructions at all."

Some federal courts refuse to make any exception to the requirements of Rule 51, and the reluctance of other federal courts to apply the exception is apparent. See 9 Wright and Miller, Federal Practice and Procedure 672 *et seq.*; 2B Barron and Holtzoff, Federal Practice and Procedure 475. Exceptions are granted only in circumstances where the error has seriously affected the basic fairness, integrity, or public reputation of the judicial process. No such circumstances are present in this case, in any event.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

BROWN, J., dissents.

---

*Rule 51 of the Federal Rules of Civil Procedure contains language identical to the language of Civ. R. 51(A), which is quoted in this opinion.