DECISION AND JOURNAL ENTRY
Plaintiff-Appellant, Elizabeth Masters, has appealed from a jury verdict awarding her $6,067.75 and the trial court's denial of her motion for a new trial. This Court affirms.
 I.
On April 27, 1997, Plaintiff was injured when the right side of her car was struck by Defendant-Appellee, Genevie Wilson. Defendant admitted to her negligence, but disputed that she caused all of Plaintiff's injuries, arguing that Plaintiff did not seek out the necessary medical services to alleviate her pain and expedite her recovery from the injuries of the accident. On July 7, 1999, the case went to trial to determine the amount of damages proximately resulting from the accident.
During voir dire, Plaintiff asked the members of the panel if they felt comfortable awarding a large verdict of $300,000. A juror responded by inquiring whether Defendant had insurance. The trial court instructed the jury to disregard the issue of insurance. The court further noted that there were only two parties in the lawsuit, Plaintiff and Defendant. Neither Plaintiff nor Defendant objected to the trial court's instructions. Defendant reinforced the trial court's instructions by later stating that she was the only responsible party. Neither party mentioned the issue of insurance coverage again.
During Plaintiff's testimony, she made reference to the fact that she was having marital problems because of the accident. On her cross-examination, Defendant inquired whether her husband's conviction for racial intimidation had an adverse affect on her marriage. After Plaintiff denied the statement, her counsel objected, and the trial court instructed the jury to disregard the testimony. At no time did Plaintiff move for a mistrial.
The jury returned a verdict in favor of Plaintiff for $6,067.75. In response to the set of interrogatories, the jury awarded Plaintiff the following: $2,067.75 for medical and hospital expenses; $1,000 for the nature and extent of her injury; $3,000 for pain and suffering experienced; $0 for future inability to perform usual activities; and $0 for future pain and suffering. On July 22, 1999, Plaintiff filed a motion for a new trial, which the trial court denied. Plaintiff timely appealed, asserting three assignments of error.
 II. A. Assignment of Error Number One The Trial Court erred when it instructed the Jury [sic] that there was only one Defendant in the case in dealing with the issue of insurance which constitutes plain error.
In her first assignment of error, Plaintiff has asserted that the trial court erred when it instructed the jury during voir dire that there was one defendant in the case. Because Plaintiff failed to object to the trial court's instruction, she has argued that this Court should review her assigned error under the plain error doctrine. This Court disagrees.
The Ohio Supreme Court has held that any error, which arose during the course of trial and is not objected to, is waived and may not be reviewed on appeal. Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. In Goldfuss, the Ohio Supreme Court stated that:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Id. at syllabus. In the case at bar, a juror wanted to know who was going to be responsible for payment when Plaintiff inquired as to whether the jury felt comfortable awarding $300,000 in the lawsuit. The trial court immediately instructed the jury that there were only two parties in the lawsuit, Plaintiff and Defendant, and to disregard any issue of insurance. Because Plaintiff did not object to this particular statement by the trial court and, in view of all the evidence, this Court concludes that this is not one of those extremely rare cases to which the plain error doctrine should apply. Accordingly, Plaintiff waived her objection, and her first assignment of error is overruled.
 B. Assignment of Error Number Two The Trial Court erred when it failed to grant a mistrial base[d] upon Defendant's Attorney's questioning about Plaintiff's Husband's conviction for racial intimidation.
In her second assignment of error, Plaintiff has asserted that the trial court should have granted a mistrial after Defendant made reference to her husband's conviction for racial intimidation. Because Plaintiff failed to request a mistrial, she has argued that the trial court should havesua sponte declared a mistrial. This Court disagrees.
Although Plaintiff objected to the testimony during the trial, at no point did she request a mistrial. As a result, Plaintiff has waived this argument. See Goldfuss, supra, at 121. Based on Goldfuss, this Court concludes that this is not an exceptional case for the plain error doctrine to apply; nevertheless, this Court will proceed with an analysis of the assignment of error in this case to determine whether the trial court should have sua sponte granted a mistrial.
This Court notes that the rule of law pertaining to a mistrial appears to apply almost exclusively to criminal cases, because there is no comparable authority in the Ohio Rules of Civil Procedure which directly allows a court to order a mistrialsua sponte. See Wills v. Boyd (Nov. 20, 1980), Montgomery App. No. CA 6755, unreported, 1980 Ohio App. LEXIS 11935, at *3. As such, some courts have compared a court's order for a mistrial to an order of a new trial under Civ.R. 59(A). See id; see, also,Settles v. Overpeck Trucking Co. (Aug. 26, 1991), Butler App. No. CA90-05-094, unreported, 1991 Ohio App. LEXIS 4059, at *3. Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings of the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown." Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Thus, this Court will determine whether the trial court abused its discretion in failing to sua sponte direct a mistrial.
In the case at bar, immediately after Plaintiff objected, the trial court instructed the jury to disregard the testimony concerning her husband's conviction. Plaintiff has asserted that the trial court's instruction was inadequate and that the testimony prejudiced her because the jury inferred that she was racist. A jury is presumed to follow the trial court's instructions. See Hylton v. Summers (Dec. 30, 1998), Summit App. No. 18520, unreported, at 8. Although Plaintiff has claimed that the jury returned an inadequate verdict because they inferred from Defendant's question that she was racist, the jury could easily have concluded that Plaintiff did not meet the necessary elements when considering her amount of damages. In light of the foregoing, this Court concludes that the trial court did not abuse its discretion by not sua sponte directing a mistrial because its instruction to the jury was adequate in preventing any prejudice. Accordingly, Plaintiff's second assignment of error is overruled.
 C. Assignment of Error Number Three The Trial Court erred in failing to grant a new trial due to the inadequacy of damages awarded by the jury in that said award was against the manifest weight of the evidence.
In her third assignment of error, Plaintiff has asserted that trial court should have granted her a new trial. Specifically, Plaintiff has argued that the jury verdict was against the manifest weight of evidence and that the damages were inadequate because the jury was under the influence of passion and prejudice. This Court disagrees.
Civ.R. 59(A) provides, in part, that:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]
A trial court shall not grant a new trial "where the verdict is supported by competent, substantial and apparently credible evidence." Verbon v. Pennese (1982), 7 Ohio App.3d 182,183. A reviewing court must affirm the trial court's decision, absent an abuse of discretion. Yungwirth v. McAvoy
(1972), 32 Ohio St.2d 285, 286. In a negligence lawsuit, the plaintiff has the burden of proving by a preponderance of evidence that the defendant's negligence was a direct and proximate cause of the plaintiff's injuries. Gedra v.Dallmer (1950), 153 Ohio St. 258, paragraph one of the syllabus. Essentially, the plaintiff must present evidence upon which a trier of fact may reasonably determine that it is more likely than not that the defendant's negligence was the cause of the plaintiff's injury. Stone v. Davis (1981),66 Ohio St.2d 74, 82, certiorari denied (1981),454 U.S. 1081.
In the case at bar, Plaintiff presented expert testimony from Dr. Wu, her family doctor and Dr. Lefkovitz, a neurologist, who both diagnosed her with chronic cervical strain from a herniated disk in the neck, headaches, and bilateral tinnitus. Dr. Stan, a specialist in pain management, testified that he administered epidural injections in Plaintiff's neck in an attempt to alleviate some of her pain. He further stated that, although she was told to schedule another appointment, Plaintiff never returned to his office for another injection.
Through the cross-examination of Plaintiff's witnesses, it was revealed that Plaintiff did not mention any ringing in her ears to the paramedics at the scene of the accident or to her family doctor until two weeks after the accident. Plaintiff's range of motion in her neck did not appear restricted until her third visit with Dr. Wu. In addition, Dr. Lefkovitz stated that tinnitus is a purely subjective complaint.
Dr. Morris, an orthopedic surgeon, testified on behalf of Defendant that to a reasonable degree of medical certainty Plaintiff had degenerative disk disease, which was not related to the accident. Dr. Morris further stated that although Plaintiff did sustain a strain in the neck from the accident, the symptoms would not have persisted for so long if she would have sought adequate treatment. Dr. Morris supported his opinion with the fact that Plaintiff missed four and one half of her nine-scheduled physical therapy appointments. In addition, he added that Plaintiff did not follow through and schedule visitations with her doctors. For example, although Plaintiff moved to Arizona in September of 1998, she did not seek any treatment from July to August of 1998.
In light of the foregoing, this Court cannot say that the trial court abused its discretion in upholding the jury's verdict. Competent, credible evidence supported the jury's verdict that Defendant did not cause any permanent harm and future pain and suffering. Accordingly, Plaintiff's argument is not well taken.
In addition to the manifest weight argument, Plaintiff has asserted that the verdict was inadequate because the jury was under the influence of passion and prejudice. When reviewing a trial court's denial of a motion for a new trial where the movant has asserted that the jury was under the influence of passion and prejudice, an appellate court must consider: the amount of the award and whether the damages were induced by incompetent evidence; misconduct by the court or counsel at trial; or any other action at trial which may reasonably be said to have swayed the jury. Mckee v. Johnson (Sept. 16, 1998), Wayne App. No. 97CA0064, unreported, at 5, citing Sheets v. Norfolk S. Corp.
(1996), 109 Ohio App.3d 278, 292. Generally, the amount of the damages alone is not enough to establish proof of passion and prejudice. Id. "The movant must demonstrate that the verdict was a result of jury passion and prejudice and that it was `so disproportionate in amount as to shock reasonable sensibilities.'"Id. quoting Pena v. Northeast Ohio Emergency Affiliates, Inc.
(1995), 108 Ohio App.3d 96, 104.
In the case at bar, Plaintiff has argued that Defendant's statement, along with the trial court's instructions to the jury on voir dire, led to a low verdict because the jury inferred that Defendant had no insurance and felt sympathy towards her. Plaintiff has also asserted that Defendant's questioning on her cross-examination was for the sole purpose of characterizing her as racist, and that the low verdict amount proved that Defendant's techniques were successful. As mentioned above, the trial court properly instructed the jury during the voir dire and during the cross-examination of Plaintiff to disregard the matters that Plaintiff had asserted in her argument. Because the jury is presumed to follow the trial court's instructions, the trial court was correct in determining that Plaintiff did not suffer any prejudice. Further, the jury's failure to award damages for Plaintiff's future pain and suffering and future inability to perform usual activities is consistent with a determination that Plaintiff did not seek out the necessary medical services to alleviate her pain and expedite her recovery from the injuries of the accident. Accordingly, Plaintiff's third assignment of error is overruled.
 III.
Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
BATCHELDER, P.J. and SLABY, J. CONCUR.