DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Donald T. Burns has appealed a judgment from the Summit County Common Pleas Court that found in favor of appellee Anil M. Parikh, M.D. This Court affirms.
 I.
Appellant, as the executor of the estate of Patrick Burns, filed a complaint against appellee, alleging medical malpractice. The case went to trial before a jury. During the jury deliberations, the jury had a question for the trial judge; however, the judge's law clerk responded to the question. Shortly thereafter, the jury returned a verdict in favor of appellee. Upon learning that his law clerk answered a question for the jury, the trial judge polled the jury with both attorneys present. Each juror was asked whether the law clerk's statement influenced the deliberations or the outcome. All of the jurors indicated that they were not influenced. Appellant's trial attorney requested a mistrial based upon the law clerk's actions, which the trial court denied. Appellant has timely appealed, asserting two assignments of error. This Court has consolidated his arguments because they are interrelated.
 II. Assignment of Error Number One The trial court erred in denying [appellant's] motion for mistrial because the court failed to answer a written question of the jury pertaining to the instructions of law.
 Assignment of Error Number Two The trial court erred in denying [appellant's] motion for mistrial because the court's law clerk impermissably (sic) answered questions of law posed by the jury outside the presence of the court, the parties, and their counsel.
In his first and second assignments of error, appellant has argued that the trial court should have granted his motion for a mistrial because the trial judge's law clerk answered a question of law. This Court disagrees.
Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings of the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown."[1] Civ.R. 59(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. See Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In cases involving improper outside communication with a juror, a trial court is allowed broad discretion in dealing with the contact and determining whether to declare a mistrial. See State v. Johnson (2000),88 Ohio St.3d 95, 107, writ of certiorari denied (2000),148 L.Ed.2d 149, 121 S.Ct. 212. A trial court should not declare a mistrial because of some minor error or irregularity. See State v. Blankenship (1995),102 Ohio App.3d 534, 549, citing State v. Reynolds (1988),49 Ohio App.3d 27, 33. Instead, a mistrial need only be declared when a fair trial is no longer possible. See State v. Franklin (1991),62 Ohio St.3d 118, 127, writ of certiorari denied (1992), 504 U.S. 960,119 L.Ed.2d 285. This Court will not disturb the decision of the trial court absent a showing of material prejudice. See Blankenship,102 Ohio App.3d at 549. "A juror's belief in his or her own impartiality is not inherently suspect and may be relied upon by the trial court." State v.Phillips (1995), 74 Ohio St.3d 72, 89.
After reviewing the record of the case at bar, this Court concludes that the trial court did not abuse its discretion when it denied appellant's request for a mistrial. The trial court questioned the jury about the statements from his law clerk. Each member of the jury stated that the law clerk's comment did not influence the outcome of the case. This Court will not question a juror's belief in his or her own impartiality. See Phillips, 74 Ohio St.3d at 89. Furthermore, the record reveals that appellant's trial attorney declined an opportunity to poll the jury on any question or the verdict. Although it was improper for the law clerk to answer the question, it appears from the record that the answer did not prejudice the jury. Accordingly, appellant's assignments of error are not well taken.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR
[1] This Court notes that the rule of law pertaining to a mistrial appears to apply almost exclusively to criminal cases, because there is no comparable authority in the Ohio Rules of Civil Procedure which directly allows a court to declare a mistrial. Previously, this Court has compared a court's order for a mistrial to an order of a new trial under Civ.R. 59(A). See Masters v. Wilson (May 10, 2000), Summit App. No. 19777, unreported, appeal not allowed (2000), 89 Ohio St.3d 1470.