OPINION
{¶ 1} This is an appeal from a jury verdict which asserted error in response to a jury question and denial of a motion for a new trial in the Delaware County Common Pleas Court.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} The facts underlying this appeal are that Appellant, Diane Bailey, was involved in a automobile accident on September 29, 2000, caused by the negligence of Shawn L. Whittekind.
 {¶ 3} Among the injuries asserted by Diane Bailey was a cholesteatoma and perforation of her left eardrum. The cyst had affected certain of the bones in her right ear. Surgery was performed on both ears. Her hearing remained affected after the surgery.
 {¶ 4} After trial, the jury awarded total damages of $36,057.74 which included $16,057.74 for past medical bills, $10,000.00 for past non-economic damages and $10,000.00 for future non-economic damages.
 {¶ 5} While Ronald Bailey included a claim for loss of consortium and so testified, the jury did not grant damages for such.
 {¶ 6} During deliberations, the jury submitted the following question:
 {¶ 7} "[i]f future medical bills are incurred can an additional claim be filed?"
 {¶ 8} The court responded:
 {¶ 9} "The question posed is outside of the scope of this trial, it cannot be answered."
 {¶ 10} After the verdict, a motion for new trial was filed and rejected.
 {¶ 11} Three Assignments of Error are raised in this appeal:
 ASSIGNMENTS OF ERROR {¶ 12} "I. The trial court erred in denying plaintiffs' motion for a new trial. (Judgment entry, May 11, 2004 [denying plaintiffs' motion for a new trial])
 {¶ 13} "II. The verdict was against the manifest weight of the evidence (Judgment entry, May 11, 2004) [entering judgment for plaintiff, diane bailey])
 {¶ 14} "III. The trial court improperly responded to the jury question (transcript of proceedings, supplemental filing, p. 53-59)
 II. {¶ 15} We shall initially address the Second Assignment of Error as it pertains to the claims of Ronald Bailey for loss of consortium.
 {¶ 16} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 17} With respect to the loss of consortium claim, we find that the Second Assignment is not well taken as, even though Mr. Bailey testified in support thereof, the jury was not required to accept such as to the inclusion in its verdict as to damages.
 {¶ 18} The trier of fact has the principle responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990, 40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 19} The determination of the Second Assignment as to Diane Bailey is so closely allied with our ruling on the First and Third Assignments of Error that we shall address such in conjunction with such determination.
 I., III. {¶ 20} We will address the First and Thirds Assignments of Error together as they are inter-related.
 {¶ 21} The First Assignment concerns the denial of the motion for new trial.
 {¶ 22} Civil Rule 59 (A)(1) states:
 {¶ 23} "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 24} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial."
 {¶ 25} The Third Assignment reflects the court's response to the jury's question as to the possibility of future claims.
 {¶ 26} The Court in Horton-Thomas, et al vs. Soma, AVVA, M.D.,F.A.C.S. (Feb.9, 2001), 2nd Dist., App. #18332, Montgomery County, has stated:
 {¶ 27} "A trial court's response to a jury's question `should not only be legally correct, but also should be so explicit as not to be misconstrued or misunderstood by the jury in the proper application of the law to the facts in evidence.' Columbus v. Triplett (1993),91 Ohio App.3d 239, 246. No prejudicial error exists if upon reviewing the entire charge it appears that the trial court gave a correct statement of law and in such a manner that the jury could not have been misled. State v. Porter (1968), 14 Ohio St.2d 10, 43 O.O.2d 5;Centrello v. Basky (1955), 164 Ohio St. 41, 57 O.O. 77; State v. Hardy
(1971), 28 Ohio St.2d 89, 92, 57 O.O.2d 284; Furr v. State Farm Mut.Auto. Ins. Co. (1998), 128 Ohio App.3d 607.
 {¶ 28} Also, the appellate Court in Hann v. Perkins Township, et al,
6th Dist., App. E-00-041, Erie County, has found:
 {¶ 29} "A trial court errs in providing confusing responses to a jury's questions. See State v. Manny (May 26, 1992), Warren App. No. CA91-06-054, unreported (finding error in the trial court's confusing responses but, appellant having not objected, not finding plain error). We find that the trial court erred to the prejudice of appellant in supplying this answer that was confusing, at best, and misleading, at worst."
 {¶ 30} In the case sub judice, the response that was required should have informed the jury clearly that all claims of Appellant Diane Bailey were limited to the evidence produced and no future claims could be made. Advising that the question was beyond the scope of the proceedings was incorrect as it was precisely within the scope of the claim presented. The result could have led the jury to believe future claims could be filed. This interpretation not only may have affected the verdict as to the future damages, including the non-economic amount awarded but possibly the overall verdict.
 {¶ 31} While we are always reluctant to assert the court abused its discretion, we must conclude that, at least, because of the potential prejudicial affect to such Appellant, plain error occurred.
 {¶ 32} Implementation of the plain error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 223; State v. Long (1978), 53 Ohio St.2d 91. The plain error doctrine permits correction of judicial proceedings where error is clearly apparent on the face of the record and is prejudicial to the appellant. Reichert, supra at 223. See also: State v. Eiding (1978),57 Ohio App.2d 111. Although the plain error doctrine is a principle applied almost exclusively in criminal cases, the Ohio Supreme Court has stated that the doctrine may also be applied in civil causes, if the error complained of Awould have a material adverse affect on the character and public confidence in judicial proceedings. Reichert, supra
at 223, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 209;Yungwirth v. McAvoy (1972), 32 Ohio St. 2d 285, 288.
 {¶ 33} Therefore, we sustain the Third Assignment of Error. This results in a sustaining of the First Assignment and the portion of the Second Assignment as to Appellant, Diane Bailey.
 {¶ 34} We affirm this cause as to the loss of consortium verdict as to Appellant Ronald Bailey but reverse as to Appellant, Diane Bailey.
 {¶ 35} This cause is remanded for a new trial consistent herewith, at Appellee's costs.
Boggins, P.J. Gwin, J., concur.
Hoffman, J., dissents in part and concurs in part