OPINION
{¶ 1} Defendants-appellants Virgil Holden and Shirley Holden appeal the July 20, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which overruled their Motion for New Trial. Plaintiff-appellee is Helen Mary Baier, Trustee of the Helen Mary Baier Revocable Trust, and also Helen Mary Baier individually.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 21, 2003, Baier, as trustee of the Helen Mary Baier trust, ("the Trust") commenced a forcible entry and detainer action in the Canton Municipal Court, naming Virgil Holden and Shirley Holden as defendants. The Trust sought to remove the Holdens from property located at 2662 Belfort Avenue, NE, Louisville, Ohio. The Holdens counterclaimed, asserting the Trust had contracted to sell the property to them. The Holdens sought an order for specific performance of that contract. The Holdens also raised claims of adverse possession, quiet title, and, in the alternative, unjust enrichment. Additionally, the Holdens filed a third-party complaint against Helen Baier, individually, asserting the same claims as those raised in the counterclaim against the Trust.
 {¶ 3} On November 17, 2003, the Canton Municipal Court transferred the case to the Stark County Court of Common Pleas. On June 28, 2004, the Holdens amended their counterclaim and third-party complaint, additionally seeking specific performance of a contract pursuant to which Baier was to prepare a will which named the Holdens as beneficiaries. Baier and the Trust answered the amended counterclaim and third-party complaint, and asserted a counterclaim for unjust enrichment. The matter proceeded through discovery.
 {¶ 4} Baier and the Trust moved for summary judgment as to all the claims alleged in the Holdens' counterclaim and third-party complaint, except for the unjust enrichment claim. The Holdens filed a brief in opposition thereto. Via Judgment Entry filed January 5, 2005, the trial court found there were genuine issues of material fact as to the Holdens' claims for specific performance of the contract to sell the property, and their claim for specific performance of the contract to make a will. However, the trial court found no genuine issue of material fact as to the Holdens' claims for adverse possession and quiet title, and granted summary judgment in favor of Baier and the Trust on those claims.
 {¶ 5} The matter proceeded to jury trial. Prior to trial, the Trust withdrew its claim for forcible entry and detainer, but retained the claim for unjust enrichment to be presented to the jury only if it found in favor of the Holdens on their claim of ownership of the property.
 {¶ 6} The following evidence was adduced at trial. In 1977, Baier lived on her family's property in a home which she built in 1968. The property consisted of approximately 44 acres. Because she was having problems with trespassers on the land and because her friend, Shirley Holden, was having difficulty climbing the stairs at the Holdens' residence, Baier asked the Holdens to move onto the property. In 1961, Baier's family built a four acre lake on the property for public use as a memorial to Baier's brother, Paul, who died in a car accident in 1955. A public bathhouse with a concession stand and restrooms was constructed near the lake. Baier's family operated the lake for several years, selling passes to the public. Helen Baier closed the lake to public swimming in 1973.
 {¶ 7} The Holdens accepted Baier's offer, sold their home in Plain Township, and moved to eighteen acres on the Belfort Avenue property, which included the lake, bathhouse, two barns, and a pavilion. The Holdens moved into the bathhouse, which required extensive renovations in order to make it habitable. Although the Holdens made most of the improvements to the property, Baier also provided physical and financial assistance. In fact, Baier spent over $20,000 of her own money on the project, and also secured a loan in the amount of $25,000 for the Holdens. The Holdens eventually paid off the entire loan.
 {¶ 8} Over the next twenty-seven years, the Holdens occupied the property. During this time, Baier provided them with free natural gas, free water, free electric for the water pump, free laundry service, free cooking services, free trash removal as well as paying the property taxes. Baier presented documentary evidence, in the form of cancelled checks and paid receipts, demonstrating the monies she had paid over almost three decades for the Holdens' benefit. Baier conceded the money she spent was a gift to the Holdens, and she gave it without expectation of reimbursement.
 {¶ 9} Virgil Holden testified Baier agreed to accept $13,000 as consideration for the property. Virgil Holden further testified he gave Baier the money as agreed, with the understanding she would determine the bank's required security interest for a mortgage she had on the property and transfer the balance of the property to them. The Holdens presented a photograph of a check, which Virgil testified was written in 1977, and made payable to Helen Baier in the amount of $13,000. The Holdens claimed anytime they discussed Baier's giving them the deed to the property, Baier shrugged them off or made statements questioning their trust of her. In May, 2003, Virgil Holden consulted an attorney in order to prepare his will. Based upon his discussions with the attorney, Virgil Holden approached Baier and asked her about the status of the property so he could prepare his will. Baier informed Mr. Holden he and his wife had a lifetime estate in the bathhouse, and she would provide for them even after her death. Baier testified Virgil Holden demanded a written deed. Thereafter, Baier requested the Holdens move off of the property, but they refused.
 {¶ 10} At the conclusion of appellees' case, the trial court directed a verdict in favor of the Holdens on Baier's claim for unjust enrichment. The trial court also directed a verdict in favor of Baier on the Holdens' claim of breach of contract to make a will. After hearing all the evidence and deliberations, the jury returned a unanimous verdict in favor of appellees, finding Baier did not breach a contract to sell the property and the Holdens were not entitled to recover on their claim for unjust enrichment. The trial court memorialized the verdict via Judgment Entry on Verdict filed May 9, 2005.
 {¶ 11} The Holdens filed a Motion for New Trial, raising two grounds for relief. First, the Holdens argued Baier presented improper expert testimony regarding the lawfulness and effectiveness of the transfer of the property. Additionally, the Holdens maintained the jury's verdict on appellees' claim for unjust enrichment was against the manifest weight of the evidence. Via Judgment Entry filed July 20, 2005, the trial court overruled the Holdens' motion.
 {¶ 12} It is from that judgment entry the Holdens appeal, raising as their sole assignment of error:
 {¶ 13} "I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR NEW TRIAL ON THE CLAIM BASED ON UNJUST ENRICHMENT."
 {¶ 14} Any other facts necessary for our disposition of the Holdens' assignment of error shall be contained therein.
 I {¶ 15} In their sole assignment of error, the Holdens maintain the trial court erred in denying their motion for a new trial on the unjust enrichment claim. We disagree.
 {¶ 16} "The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration that the trial court abused its discretion." Yungwirth v.McAvoy (1972), 32 Ohio St.2d 285. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *." Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87 (Citation omitted).
 {¶ 17} The Holdens submit they have established the essential elements of a claim for unjust enrichment.
 {¶ 18} In order to recover under a theory of unjust enrichment, a plaintiff must prove by a preponderance of the evidence: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit, and (3) the defendant was retaining that benefit under circumstances where it would be unjust for him to retain that benefit without payment. Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183. See, also, Hummel v. Hummel (1938), 133 Ohio St. 520,525.
 {¶ 19} In support of their position, the Holdens refer to the evidence presented at trial which established they undertook the construction of, and invested their own money in, the renovation of the bathhouse because they understood the house and the land did or would belong to them. The Holdens add Baier testified she viewed the monies she expended on the property as a gift to the Holdens; therefore, she did not intend to use such payments to establish a claim of ownership in the home. The Holdens note because they undertook the renovation of the bathhouse/concession stand with the mistaken belief Baier was selling the property to them, Baier received the benefit of the construction. There was no evidence the Holdens made the renovations as a gift to Baier; therefore, a reasonable trier of fact could only conclude the Holdens expected to have the benefit of the renovations.
 {¶ 20} In response, Baier counters the Holdens failed to establish the specific amount of the benefit they conferred upon her. Baier refers to the testimony of both Virgil and Shirley Holden in which they stated they had not calculated the amount of money they invested for the conversion and improvement of the bathhouse/concession stand. On the other hand, Baier provided cancelled checks and other documentary evidence demonstrating the money she had spent thereon. Baier also produced documentary evidence demonstrating she provided the Holdens with gas, water, electric, cleaning, lawn services, trash removal, and other services for the benefit of the Holdens while they resided in the home for twenty-seven years. Baier contends the Holdens did not present the jury with any evidentiary support of what actual benefits they conferred upon Baier.
 {¶ 21} The evidence establishes both parties contributed to the renovation, upkeep and maintenance of the home. Not only did the Holdens confer benefits upon Baier, but Baier also conferred benefits upon the Holdens. Although Baier admitted the monies she expended was a gift because the Holdens were her friends, we find under the circumstances the jury was not precluded from considering Baier's contribution and concluding it was not unjust for her to retain those benefits without repayment, particularly given the fact the Holdens lived "rent-free" on the premises for 27 years. We find the evidence could support the jury's decision Baier's retention of the benefit without payment was not unjust under these circumstances; the third element necessary to establish their claim for unjust enrichment under Hambleton.
Accordingly, the trial court did not abuse its discretion in denying the Holdens' motion for a new trial.
 {¶ 22} The Holdens' sole assignment of error is overruled.
 {¶ 23} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs are assessed to appellants.