DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Jackson, appeals from the judgment of the Lorain County Court of Common Pleas which granted Appellee's motion for a new trial. This Court reverses.
 I. {¶ 2} On April 5, 1997, Appellant and Appellee, Lucia Marquez, were involved in an automobile accident. On January 29, 1999, Appellee filed suit against Appellant alleging negligence. Prior to trial, Appellant stipulated that his negligence was the cause of the accident. The case then proceeded to trial before a jury on October 20, 2004.
 {¶ 3} During trial, Appellee presented the testimony of her treating physician and the testimony of a neurosurgeon. In addition, Appellee testified and elicited testimony from her mother. Through the testimony of these witnesses, Appellee established that her out of pocket medical expenses were nearly $67,000 at the time of trial. Those damages included bills from Appellee's emergency room visit, bills from Appellee's treatment at Lorain Therapy Center, and bills from the physicians who saw and treated her after the accident.
 {¶ 4} In response, Appellant relied upon the report of Dr. Duret S. Smith. Dr. Smith concluded that Appellee's pain was due to an ailment unrelated to the automobile accident. The matter was then submitted to the jury which on October 22, 2004 returned a verdict in favor of Appellee in the amount of $500. Appellee filed a motion for new trial on November 3, 2004. Following a hearing, the trial court granted Appellee's motion, relying on grounds not argued by Appellee.[1] Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING [APPELLEE'S] MOTION FOR NEW TRIAL."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court erred when it ordered a new trial without providing sufficient rationale for granting such a motion. This Court agrees.
 {¶ 6} Pursuant to Civ.R. 59(A), a new trial may be ordered when the irregularity in the proceedings before the court prevents an aggrieved party from having a fair trial or "in the sound discretion of the court for good cause shown." Civ.R. 59(A). Because the decision of directing a new trial rests within the sound discretion of the trial court, a reviewing court may reverse a denial of a new trial only if the trial court abused its discretion. See Yungwirth v. McAvoy (1972),32 Ohio St.2d 285, 286. An abuse of discretion implies that a trial court's attitude is "unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} Appellant asserts that the trial court erred when it granted Appellee's motion under Civ.R. 59(A)(6) because it failed to adequately explain its rationale. We agree.
 {¶ 8} In support of his argument, Appellant relies uponAntal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144. In Antal, the Court held as follows:
"When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." Id. at syllabus.
The Court went on to note that "[g]iven the recognized importance of the trial court's input when reviewing whether a verdict is supported by the evidence, we feel it is all the more crucial to require that the trial court so state the basis for its decision." Id. at 147.
 {¶ 9} In its journal entry, the trial court stated as follows: "The Plaintiff presented medical bills in the amount of $66,721.54." The court then quoted Civ.R. 59(A)(6) and the appellate standard of review this Court laid out in Handel v.White (Feb. 28, 2001), 9th Dist. No. 20096. Under the facts presented herein, we find that such a journal entry does not comply with the dictates of Antal. See contra, Jones v. ReiterDairy, Inc. (June 27, 1997), 11th Dist. No. 96-P-0176, at *3 (finding that the trial court's entry was sufficient when it stated that "the jury's finding that Defendant's negligence wasnot the proximate cause of the [damages] was against the manifest weight of the evidence" (Emphasis sic)).
 {¶ 10} In the instant matter, Appellant admitted negligence prior to trial. Accordingly, proximate cause and the amount of damages were the sole issues presented to the jury. Appellee presented evidence of her medical damages. In response, Appellant disputed whether her damages were caused by the accident. The jury, therefore, was left to determine which expert testimony to accept and was required to determine which of Appellee's damages resulted from Appellant's negligence.
 {¶ 11} Our conclusion to reverse the judgment entered below is guided by the Antal Court which continued as follows:
"While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analysis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact." Antal,9 Ohio St.3d at 147.
In the instant case, the trial court did not discuss any of the evidence produced by either party at trial. It simply restated a single piece of evidence provided by Appellee. Further, the trial court did not state that the jury erred in concluding that only $500 of Appellee's damages was attributable to Appellant's negligence. In addition, the trial court did not find that specific bills presented by Appellee were proximately caused by Appellant. As the trial court did not provide any rationale in support of its decision to grant a new trial, Appellant's sole assignment of error is sustained.[2] Id.
 III. {¶ 12} Appellant's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, P.J., Boyle, J., concur.
[1] The transcript of that hearing was not made a part of the record on appeal.
[2] We make no determination regarding whether the granting by the trial court of Appellee's motion for a new trial is appropriate. Our holding is limited to a determination that the trial court failed to set forth specific rationale in support of its order.