ZERKLE, Appellant,

v.

KENDALL, Appellee.

[Cite as Zerkle v. Kendall, 172 Ohio App.3d 468, 2007-Ohio-3432.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 06CA17.

Decided June 29, 2007.

Darrell L. Heckman, for appellant.

Kevin J. Zimmerman and Edwin J. Hollern, for appellee.

GRADY, Judge.

{¶ 1} Plaintiff, Ruth Zerkle, appeals from an order denying her Civ.R. 59(A) motion for a new trial.

{¶ 2} In the early evening of Saturday, June 5, 2002, defendant, Rita Kendall, was driving on North Dugan Road in Champaign County. Kendall lost control of her car when she took her eyes off the road to adjust the radio. As a result, defendant's car ran through a tensile fence that enclosed plaintiff's dairy farm. Approximately 200 feet of the fence was damaged.

{¶ 3} Plaintiff's son, Keith, is the sole herdsman on the dairy farm. At the time of defendant's accident, plaintiff had 50 cows in the herd, 43 of which were milking and grazing in the pasture enclosed by the fence. In order to prevent the cows from escaping, plaintiff's son herded the cattle into the barn area, cutting off their access to the pasture.

{¶ 4} According to plaintiff's son, he made a number of telephone calls in an attempt to find someone to repair the fence and provide hay for the cows until the fence was rebuilt. But he was unable to find anyone to fix the fence or provide hay until Monday, June 7, 2002. The fence was repaired by Monday evening and the cows were returned to the pasture.

{¶ 5} The milk production of 42 of the 43 cows decreased from May to June 2002. The milk production for the 42 cows then remained at this reduced level for several months. Believing that the decreased milk production was due to the approximately 50 hours that the cows were unable to consume roughage in the pasture, plaintiff commenced an action against defendant on a claim for money damages.

{¶ 6} A jury trial was held on March 6 and 7, 2006. The jury returned a general verdict for plaintiff on the issue of liability but awarded no damages. The trial court entered judgment on that verdict. Plaintiff filed a motion for new trial, which was denied by the trial court. Plaintiff filed a timely notice of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court erred in overruling the plaintiff-appellant's motion for a new trial."

{¶ 8} Plaintiff moved for a new trial under Civ.R. 59(A)(4) through (6). Civ.R. 59(A) provides: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property; (6) The judgment is not sustained by the weight of the evidence."

{¶ 9} After reviewing the record, the trial court denied plaintiff's motion for a new trial, stating:

[I]t would be reasonable for the jury to have concluded:

A. Plaintiff failed to meet her burden of proof and establish that Defendant proximately caused her alleged injury. Again, the damages sought were only those for the alleged loss in milk production.

B. Plaintiff failed to sufficiently prove that she suffered any damages, i.e. a loss in milk production directly attributable to Defendant's actions.

C. Plaintiff failed to mitigate her alleged damages by not repairing the fence for two days, by not acquiring hay or other roughage for the cattle while they were so confined, by not attempting to temporarily repair the fence so the cattle could graze before the fence was permanently repaired, etc.

{¶ 10} A trial court's denial of a motion for a new trial is reviewed for an abuse of discretion. *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 286, 61 O.O.2d 504, 291 N.E.2d 739.

{¶ 11} Plaintiff sought money damages for a loss of milk production proximately caused by defendant's negligence. At trial, everyone agreed that defendant's negligence proximately caused plaintiff to lose some money. For example, prior to jury deliberations, the trial court discussed the proposed jury instructions and proximate causation, stating:

{¶ 12} "The record should reflect that the parties and Counsel are present in court, that the jury is not. Extended discussion was held in chambers. The Court submitted a proposed set of instructions to Counsel. The Court's proposed instructions were based on the concept of comparative negligence.

{¶ 13} "After extended discussion, the Court believes that both Counsel agree that comparative negligence is not an issue. That the Defendant admits negligence, the Defendant admits proximately causing the damages, the Defendant disputes the amounts of damages and the Plaintiff did not mitigate damages."

{¶ 14} During closing arguments, defendant's counsel conceded that some damages should be awarded, stating:

{¶ 15} "You heard [plaintiff's counsel] in his closing refer [sic] I wasn't going to come up here and try to feed you a line so to speak. I wasn't going to say, there is no damages, give me a verdict for zero. I can't do that in good conscious [sic]. I have to try a case I believe in. And I truly believe that there are some damages. Do I believe there are $40,000.00 in damages? No way. Not even close.

{¶ 16} "However, are there some damages? Yeah, there are some damages."

{¶ 17} Defendant's counsel suggested that $7,000 was a reasonable and fair amount for his client to pay Plaintiff.

{¶ 18} The trial court instructed the jury: "Defendant has admitted the Defendant was negligent. The Defendant acknowledges that some damages were proximately caused to Plaintiff."

{¶ 19} Consistent with that instruction, the court provided the jury with a form captioned "General Verdict For Plaintiff." The form states: "We, the jury, do hereby find that the total amount of damages is $ _____." The jurors signed the form and inserted a "0" in the blank provided.

{¶ 20} The verdict the jury returned was in favor of the plaintiff on the claim for relief alleged in her complaint. The claim was that as a proximate result of defendant's negligence, "plaintiff's pasture was rendered unusable causing her milk cows to be deprived of proper feed and further proximately causing a loss of milk production." The plaintiff sought relief in the form of a money judgment for $24,000.

{¶ 21} We do not necessarily disagree with the trial court's analysis of the evidentiary issues implicated by Civ.R. 59(A)(4) and (6). However, plaintiff also sought relief pursuant to Civ.R. 59(A)(5), which authorizes the court to order a new trial when there is "[e]rror in the amount of recovery, whether too large or too small, when the action is * * * for the injury or detention of property." By its verdict, the jury found that plaintiff had suffered such an injury.

{¶ 22} Every violation of an ascertainable legal right is a legal injury and entitles the injured party to at least nominal damages, even when no actual loss of any kind occurred. *Lacey v. Laird* (1956), 166 Ohio St. 12, 1 O.O.2d 158, 139 N.E.2d 25. Because the jury's general verdict for plaintiff found a violation by defendant of plaintiff's ascertainable legal right, plaintiff suffered a legal injury for which at least nominal damages must be awarded. Id.

{¶ 23} Failure to award at least nominal damages is an error because the jury found that there was an injury to plaintiff's property. Thus, plaintiff is entitled to a new trial on damages for the injury to her property. Civ.R. 59(A)(5). Plaintiff argued that ground in her motion for a new trial. The trial court abused its discretion when it denied the motion.

{¶ 24} The first assignment of error is sustained.

### SECOND ASSIGNMENT OF ERROR

{¶ 25} "The zero damages award was against the manifest weight of the evidence."

{¶ 26} Given our disposition of the first assignment of error, the second assignment of error is overruled as moot.

{¶ 27} The judgment of the trial court is reversed, and the cause is remanded for a new trial solely on the issue of the amount of money plaintiff lost as a result of defendant's negligence.

Judgment accordingly.

BROGAN and WALTERS, JJ., concur.

SUMNER E. WALTERS, J., retired, of the Third Appellate District, sitting by assignment.