[Cite as *Suggs v. Looby*, 2011-Ohio-4533.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


WILLIE I. SUGGS,

     Plaintiff-Appellant

-vs-

ANN M. LOOBY, et al.

     Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2011 CA 00023


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 03428 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 6, 2011 |
| APPEARANCES: | |
| For Plaintiff-Appellant | For Defendant-Appellee |
| STACIE L. ROTH | ADAM E. CARR |

*Wise, J.*

**{¶1}** Appellant Willie I. Suggs appeals the jury award following a trial in the Stark County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** This case arose out of out of a three-car, motor vehicle accident which occurred on March 23, 2006, on Easton Avenue in North Canton, Ohio. On that date, Appellant Willie Suggs' vehicle was stopped when Appellee Ann Looby failed to stop her vehicle in time, causing a rear-end collision with the vehicle in front of hers, which then crashed into the back of Appellant's vehicle. As a result of the impact, Appellant alleges that he sustained a severe neck injury.

**{¶3}** This case was heard by a jury on November 4, 2010, solely on the issues of proximate cause and damages.

**{¶4}** At trial, the jury heard testimony from Appellant and his wife Harriet Spalding. Appellant also presented the video deposition testimony of Dr. Lykins.

**{¶5}** The jury also heard testimony from Appellee Ann Looby with regard to the accident and her observations as to Appellant's injuries and the damage to the vehicles as a result.

**{¶6}** The jury returned a verdict in favor of Appellant, awarding $2,605.30 for medical expenses. The jury did not award anything for pain and suffering, loss of ability to perform everyday activities or loss of ability to enjoy life.

**{¶7}** On November 15, 2010, Appellant filed a Motion for Judgment Notwithstanding the Verdict or, in the alternative, Additur or New Trial on the Issue of Damages.

**{¶8}** By Judgment Entry dated January 4, 2011, the trial court denied Appellant's motion.

**{¶9}** Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶10}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL."

I.

**{¶11}** In his sole assignment of error, Appellant alleges that the trial court erred in denying his motion for a new trial. We disagree.

{¶1}   Civ.R. 59 provides in pertinent part:

{¶2}   "**(A) Grounds**

{¶3}   "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶4}   "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

{¶5}   "(2) Misconduct of the jury or prevailing party;

{¶6}   "(3) Accident or surprise which ordinary prudence could not have guarded against;

{¶7} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶8} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

{¶9} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

{¶10} "(7) The judgment is contrary to law;

{¶11} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

{¶12} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

{¶13} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

{¶14} The question of whether to grant a new trial upon the basis of the weight of the evidence is within the sound discretion of the trial court. *Yungwirth v. McAvoy* (1972), 32 Ohio St.2d 285, 286, 291 N.E.2d 739; see, also, *Rhode v. Farmer* (1970), 23 Ohio St.2d 82, 262 N.E.2d 685. The Ohio Supreme Court has consistently held the term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶15} In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so

gross as to shock the sense of justice and fairness, *cannot be reconciled with the undisputed evidence in the case,* or *is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (emphasis in original).

{¶16} Thus, in reviewing a motion for a new trial, we do so with deference to the trial court's decision, recognizing that "the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the surrounding circumstances and atmosphere of the trial." *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242.

{¶17} Appellant argues that a new trial should have been granted based upon the fact that the jury failed to award him any damages for pain and suffering, loss of ability to perform everyday activities or loss of ability to enjoy life.

{¶18} Upon review, we find that the evidence presented to the jury was that Appellant did not seek medical treatment for his injuries until the following day, after he had completed a full day work. At that time, he presented to the emergency room with complaints of neck and chest pain. Appellant later received extensive physical therapy at Spectrum Orthopedics, his place of employment. The jury, in fact, only awarded Appellant $2,605.35 of the $5,682.35 he presented in medical bills. The jury appears to have deducted all of the physical therapy bills from the award, although without an interrogatory this Court cannot be sure exactly how the jury arrived at this figure.

{¶19} Further, while Appellant offered evidence in support of his injuries, his expert witness, Dr. Lykins, was also his employer. The jury could therefore have found such testimony to be biased.

{¶20} Additionally, the jury heard evidence from Appellee that the damage to the vehicles was minimal.

{¶21} It is well-established that when there is a conflict in the testimony on any subject, the question is one for the trier of fact. *Barnett v. Hills* (App.1947), 79 N.E.2d 691, 50 Ohio Law Abs. 208, 212. As the trier of fact in this case, the jury was "free to accept or reject any or all of appellant's evidence relating to * * * damages." *Peck v. Ryan* (June 30, 1988), Butler App. No. CA87-09-120, unreported, at 4. Moreover, even assuming that appellant presented undisputed evidence, the jury possessed the inherent power to reject the evidence presented. *Lanham v. Wilson* (Aug. 12, 1991), Madison App. No. CA90-11-024, unreported. A jury is free to reject any evidence and is not required to accept evidence simply because it is uncontroverted, unimpeached or unchallenged. *Ace Steel Baling, Inc. v. Portefield* (1969), 19 Ohio St.2d 137, 138, 249 N.E.2d 892.

{¶22} A jury's award is supported by some competent, credible evidence going to the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. In the area of damages in a personal injury case, neither a reviewing court nor a trial court can substitute its judgment for that of the jury. *Litchfield v. Morris* (1985), 25 Ohio App.3d 42, 44, 495 N.E.2d 462.

{¶23} Having reviewed the record and in light of the foregoing, we decline, as did the trial court, to substitute our judgment for that of the jury. We cannot say that the jury verdict was against the manifest weight of the evidence. Moreover, we find that

some competent and credible evidence supports the jury's verdict. Therefore, the trial court did not abuse its discretion in denying appellants' motion for a new trial.

{¶12} Accordingly, appellant's sole assignment of error is overruled.

{¶13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIE I. SUGGS | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AN M. LOOBY, et al. | : | |
| | : | |
| Defendant-Appellee | : | Case No. 2011 CA 00023 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES