OPINION
{¶ 1} This case involves a dispute over the division of marital debt in a divorce case. The trial court granted a motion for new trial based on part of this debt; however, the record reflects that no basis for new trial was presented. The decision of the trial court to award a new trial in this matter is reversed.
 {¶ 2} The parties here are specifically arguing about only one portion of the parties' debt, a $700 cellular telephone bill that was allegedly paid by Appellant Cecelia Griffith by charging it to a MasterCard credit card account. No MasterCard account statements were produced at trial. Appellee Chase M. Griffith initially testified as to an unpaid cellular telephone bill from Alltel. He attempted to prove that this bill remained unpaid and that Appellant should not receive credit for having paid the bill. During cross-examination, it became evident that in addition to an Alltel bill, Appellee had also incurred a Sprint cellular phone bill. It appears that Appellee exclusively used the Sprint phone. Thus, if Appellant had paid this Sprint bill, she would be owed restitution. As part of the divorce decree, Appellee was ordered to pay Appellant $3,265.71, which included $700 for the Sprint cellular telephone bill. Appellee subsequently sought and was granted a new trial, limited to the issue of the Sprint phone bill, on the grounds that he had been surprised by Appellant's claim to have paid the bill. He testified at the motion hearing that his mother actually paid the bills from Sprint. The trial court granted a new trial on the basis of surprise pursuant to Civ. R. 59(A).
 {¶ 3} Appellant timely appealed the trial court's decision and raises one assignment of error on appeal. She claims that the trial court abused its discretion in *Page 2 
ordering a new trial and argues that there was no surprise that ordinary prudence could not have guarded against. Appellant is correct. Appellee was aware that a cellular phone bill was an issue for trial. He apparently made an assumption that the bill in question was an Alltel bill. In Appellee's motion for a new trial, he does not deny liability for either cellular phone bill. Appellee's motion for a new trial was, in effect, a motion for relief from judgment because he did not deny liability for the phone bills, but instead sought to show that the bill had been actually been paid by his mother. No new trial was warranted in this case because there is no dispute as to which party was ultimately responsible for paying the Sprint phone bill. In order to obtain the relief he really seeks, Appellee may more appropriately file a motion in the trial court to have his mother's payments applied on his behalf to satisfy that aspect of the divorce decree pertaining to the Sprint phone bill. The decision of the trial court to award a new trial on this issue was not warranted.
 {¶ 4} Appellee filed for divorce on February 15, 2007, in the Jefferson County Court of Common Pleas. Appellant filed an answer admitting that there were proper grounds for divorce and that there were no children, and alleging that there was disagreement about the division of marital assets and debt which would need to be resolved at trial. She attached a financial disclosure worksheet that listed, among other things, a $10,000 debt to MasterCard.
 {¶ 5} Trial was scheduled for July 2, 2007. The parties did not engage in any discovery prior to trial. Appellant did not have possession of her bills or monthly *Page 3 
statements from MasterCard, and no such bills or itemization of charges were made available during any type of discovery process.
 {¶ 6} On June 26, 2007, Appellee filed a notice with the court in which he asserted that the parties had been married two years before they separated, that all property had been divided between them except for a vase, and that there were no contested issues of any significance.
 {¶ 7} On June 28, 2007, Appellant filed a proposed division of assets and debts. In the filing, Appellant noted that there was $10,000 of marital debt from MasterCard, and that $700 of this debt was caused when she used the MasterCard to pay for Appellee's cellular phone bill. The particular phone carrier was not specified.
 {¶ 8} Trial was held on July 2, 2007. At trial, Appellee testified that he had an Alltel bill in the amount of $701.02 that had not been paid. A copy of the collection notice for the Alltel bill was admitted into evidence. The balance due, including the added collection fee, was $806.17. Appellee testified that the bill had not been paid by Appellant through MasterCard or any other means of payment.
 {¶ 9} During cross-examination, Appellee testified that he also used a Sprint cellular phone. He was "pretty positive" he had paid that bill, but when asked again, he testified that he "would have no clue" whether Appellant had actually paid the bill. (Tr., p. 37.) He testified that he did not have any outstanding debt for the Sprint cellular phone. *Page 4 
 {¶ 10} Appellant testified that at some point during the marriage Sprint turned off Appellee's cellular phone service. She stated that she then contacted Sprint to pay the bill using her MasterCard. She testified that she needed to restore his cellular phone service so that he had a means of calling home while he was away.
 {¶ 11} At the end of trial, as the judge was issuing its ruling from the bench, Appellee's attorney asked for a continuance in order to obtain written records of Appellant's MasterCard bills. The court denied the oral motion as untimely because the hearing had concluded.
 {¶ 12} On July 13, 2007, the court issued the final decree of divorce. As part of the divorce decree, the court ordered Appellee to reimburse Appellant, "$700 for the Plaintiff's Sprint cellular telephone bill which was applied to the Defendant's MasterCard."
 {¶ 13} On July 23, 2007, Appellee filed a motion for new trial only with respect to that portion of the divorce decree ordering him to reimburse Appellant for debts that she paid on his behalf. On August 3, 2007, Appellee filed a memorandum in support detailing why he believed a new trial should be granted on the matter of the Sprint cellular telephone bill. The court held a hearing on August 6, 2007. The court sustained the motion for new trial on August 8, 2007, "on the grounds of surprise which ordinary prudence could not have guarded against." This timely appeal followed on August 27, 2007.
 {¶ 14} Appellant's sole assignment of error asserts, *Page 5 
 {¶ 15} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR A NEW TRIAL BASED UPON THE GROUNDS OF SURPRISE WHICH ORDINARY PRUDENCE COULD NOT HAVE GUARDED AGAINST WHEN THERE WAS NO SURPRISE IN THE PROCEEDINGS."
 {¶ 16} This appeal challenges whether the trial court erred in granting a Civ. R. 59(A) motion for new trial. The purpose of Civ. R. 59(A) is to empower the trial court to prevent a miscarriage of justice.Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448,659 N.E.2d 1242. "Civ. R. 59 allows, rather than mandates, a trial court to grant a new trial[.]" Sims v. Dibler, 7th Dist. No. 05 JE 53,2007-Ohio-3035, ¶ 31, citing Eagle Am. Ins. Co. v. Frencho (1996),111 Ohio App.3d 213, 218, 675 N.E.2d 1312.
 {¶ 17} Civ. R. 59(A) states:
 {¶ 18} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 19} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 20} "(2) Misconduct of the jury or prevailing party;
 {¶ 21} "(3) Accident or surprise which ordinary prudence could not have guarded against; *Page 6 
 {¶ 22} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 23} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 {¶ 24} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 25} "(7) The judgment is contrary to law;
 {¶ 26} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 {¶ 27} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 {¶ 28} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
 {¶ 29} "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
 {¶ 30} "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment."
 {¶ 31} A court of appeals must affirm the discretionary decision of a trial court to grant a new trial unless there is an abuse of discretion.Jones v. Booker (1996), *Page 7 114 Ohio App.3d 67, 682 N.E.2d 1023. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. Furthermore, when a trial court's decision on a motion for a new trial involves a question of fact, a reviewing court must view the evidence in a light favorable to the trial court's decision. Osler v.Lorain (1986), 28 Ohio St.3d 345, 351, 28 OBR 410, 504 N.E.2d 19, citingJenkins v. Krieger (1981), 67 Ohio St.2d 314, 320, 21 O.O.3d 198,423 N.E.2d 856.
 {¶ 32} Appellant argues on appeal that the trial court's decision to order a new trial was erroneous. She claims that there was no basis to order a new trial on grounds of surprise because Appellee had notice of the single issue, a cellular telephone bill, that allegedly formed the basis of the surprise. She argues that Appellee failed to pursue discovery of the phone bill as well as the credit card payment of the bill. She contends that any surprise arose from Appellee's pretrial discovery failures. Further, she contends that Appellee's failure to address the issues at trial waived his right to address them on appeal.
 {¶ 33} The focus of Appellee's rebuttal argument is that Appellant violated the best evidence rule by not providing a copy of her MasterCard bill or statement at trial. She instead provided oral testimony as to the contents of her bill. Appellee argues that her testimony violated the best evidence rule and that her failure to abide by the evidence rules constituted a surprise warranting a new trial.
 {¶ 34} Evid. R. 1002, usually referred to as the "best evidence" rule, states that "[t]o prove the content of a writing, recording, or photograph, the original writing, *Page 8 
recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."
 {¶ 35} Whether or not the best evidence rule applied to Appellant's evidence is an issue that should have been raised prior to or during trial. Although Appellee may have been able to assert a best evidence objection at trial, he did not raise the matter until after trial had concluded and after the judge had issued his oral judgment from the bench. Evid. R. 103(A) requires a party to make a proper objection in order to preserve the right to appeal an error in the admission or exclusion of evidence. Barrette v. Lopez (1999), 132 Ohio App.3d 406,414, 725 N.E.2d 314. Appellee did not raise a best evidence objection prior to or during trial, and he cannot raise this matter as reversible error on appeal.
 {¶ 36} We also agree with Appellant that the record does not reflect any material surprise at trial, at least the type of surprise that would warrant a new trial. In Appellant's proposed division of assets and debts filed on June 28, 2007, she included a claim for a $700 credit for having paid Appellee's cellular phone bill. No phone service carrier was specified. Appellee was prepared to argue and did argue at trial that he had not in fact paid his $700 Alltel cellular phone bill, but that Appellant also had not paid the bill, and it remained unpaid at the time of trial. Upon further questioning, it became clear that Appellee had also used a Sprint cellular phone and that he was being billed for the use of this phone. He claimed he did not know how or by whom the Sprint bills were paid, but he believed that the bills were fully paid. *Page 9 
Thus, his argument on appeal that he was unaware that his cell phone bills were going to be at issue during trial is disingenuous. He clearly came to trial prepared with at least one cellular phone bill in hand as evidence because he was notified prior to trial on June 28, 2007, that Appellant was claiming a $700 credit for a cell phone bill that she allegedly paid. Appellee's mistaken assumption that Appellant was referring to an Alltel bill instead of a Sprint bill is not the type of surprise that warrants a new trial. In fact, his mistaken assumption cannot be called "surprise" at all, because it constitutes evidence that he was on notice of the issue. Appellee's lack of preparation cannot be called "surprise".
 {¶ 37} Appellant seems to be under the impression that the entire divorce decree would be retried because the trial court granted Appellee's motion for a new trial. The trial court's entry is not so broad. Appellee asked for a new trial only on the issue of whether the Sprint phone bill was paid by Appellant. He did not ask for a new trial on all issues, or even on the issue of whether he should ultimately be liable for the Sprint phone bill as his own separate debt. His goal is simply to have the trial court rule that he is not required to reimburse Appellant for the Sprint cellular phone bill because his mother had actually paid the bill. This is clearly not one of the enumerated bases for granting a new trial. The incorrect assumption by Appellee as to which of two phone bills Appellant allegedly paid is not, "surprise which ordinary prudence could not have guarded against." Civ. R. 59(A)(3). Appellee has other means of relief from judgment if this is the case, and, if so, he must utilize other more appropriate procedures to obtain the relief he seeks. *Page 10 
 {¶ 38} Appellant's sole assignment of error is sustained, and the judgment of the trial court granting Appellee a new trial is reversed.
Vukovich, P.J., dissents; see dissenting opinion.
DeGenaro, J., concurs. *Page 11