[Cite as *Merlin v. Ankle & Foot Care Ctrs. of Ohio*, 2017-Ohio-4388.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KIMBERLY MERLIN | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 16 MA 0051 |
| VS. | ) | |
| | ) | OPINION |
| ANKLE & FOOT CARE CENTERS OF OHIO, et al. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 2014 CV 1149

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Plaintiff-Appellant                        Attorney Gregg Rossi
                                                        26 Market Street, 8th Floor
                                                        P.O. Box 6045
                                                        Youngstown, Ohio 44501

For Defendants-Appellees                  Attorney Robert Yallech
                                                        Attorney Thomas Prislipsky
                                                        11 Federal Plaza Central, Suite 1200
                                                        Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 16, 2017

DeGENARO, J.

{¶1} Plaintiff-Appellant, Kimberly Merlin, appeals the trial court's judgment entry adopting the magistrate's decision denying her motion for mistrial. As the trial court did not err in adopting the magistrate's decision and denying the motion for a mistrial, the judgment of the trial court is affirmed.

{¶2} On May 8, 2014, Merlin filed a medical malpractice complaint against Appellees, Ankle & Foot Care Centers of Ohio and Dr. John E. Barrett. Appellees filed an answer denying all claims and asserting various defenses. Attempts at mediation were unsuccessful. Pursuant to Civ.R. 53 all parties consented to a magistrate overseeing the jury trial and all issues in this matter. Trial was continued multiple times and ultimately held on February 8, 2016.

{¶3} On February 2, 2016, Appellees supplemented discovery through an email to Merlin's attorney. Counsel for Merlin conceded that he did not go through the attached documents page by page. Merlin originally was provided 51 pages; the emailed supplement served by Appellees' counsel a mere six days before trial had 227 pages. Merlin did not seek a motion for a continuance to evaluate this eleventh hour discovery either pre-trial or before she presented her case in chief.

{¶4} On the first day of trial, Merlin introduced testimony in support of her case in chief. During cross-examination of Appellees' expert, Merlin used documents from the recent supplemental discovery. On the beginning of day two, Merlin made a motion for mistrial on the basis of the newly disclosed evidence that was contained in the February 2, 2016 email. The magistrate denied this motion and trial continued resulting in a jury verdict in favor of Appellees. The magistrate recommended the trial court enter judgment upon the verdict.

{¶5} Merlin filed objections to the magistrate's decision. In the motion, Merlin's attorney acknowledged that he received the emailed documents days prior to trial and that they constituted unfair surprise. Appellees responded that, "Plaintiff simply cannot claim sufficient surprise and prejudice to warrant a mistrial when she was provided with this evidence before trial began, raised no objections, and only now take issue once a verdict has been rendered against her." The trial court

rejected Merlin's objections, adopted the decision of the magistrate and denied the motion for a mistrial.

{¶6}   Merlin's sole assignment of error asserts:

The magistrate abused his discretion in denying Appellant's motion for mistrial, and the trial court erred in adopting the magistrate's decision as it relates to same.

{¶7}   The decision to grant or deny a motion for a mistrial is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Smolkovich v. Burlock*, 7th Dist. No. 94 CA 102, 1998 WL 574666 (Sept. 1, 1998). An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *Smith v. Smith*, 7th Dist. No. 14 CA 0901, 2016-Ohio-3223, ¶ 13.

{¶8}   Civ.R. 59 authorizes a new trial if a party can demonstrate "[a]ccident or surprise which ordinary prudence could not have guarded against[.]" Civ.R.  59(A)(3). To warrant a new trial the complaining party must show unfair surprise. *Wright v. Suzuki Motor Corp.*, 4th Dist. No. 03CA2, 03CA3, 03CA4, 2005-Ohio-3494, ¶ 121. "A court may grant a motion for a mistrial when a party is confronted by surprising new facts or conditions which were unknown despite reasonable trial preparation." *Id.* (Internal citations omitted) Civ.R. 59 permits, rather than mandates, a trial court to grant a new trial. *Griffith v. Griffith*, 7th Dist. No. 07 JE 40, 2009-Ohio-1024, ¶ 16.

{¶9}   Merlin's lawyer asserts that a mistrial should have been granted because he received hundreds of pages of documents in an email containing a discovery supplement on the eve of trial.  Appellees assert that Merlin had the records six days prior to trial and failed to review them; as such, this neglect does not constitute surprise as contemplated by Civ.R. 59.

{¶10} Counsel for Merlin acknowledged receiving the email on February 2, 2016, containing the supplemental discovery, and that he did not review it. Further,

counsel admitted that he used some of the documents during the first day of trial. While the number of documents increased from 51 to 227, counsel conceded several of the documents were billing records and items he had previously seen. Additionally, counsel did not seek a continuance.

**{¶11}** It was not until the second day of trial that counsel made his motion for mistrial. When asked by the trial court why he did not bring the emailed supplement to the court's attention on day one of trial, counsel admitted that he should have. "[M]istaken assumption cannot be called 'surprise' at all, because it constitutes evidence that he was on notice of the issue. Appellee's lack of preparation cannot be called 'surprise.' " *Griffith,* ¶36

**{¶12}** More pertinent, Merlin did not request a continuance in light of the eleventh hour discovery supplement. Although the decision to grant a continuance is within the sound discretion of the trial court, Merlin could have moved for a continuance to review the supplemental discovery prior to the start of trial. Instead, Merlin proceeded with her case in chief and used documents from the supplemental discovery during cross-examination. Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig,* 72 Ohio St.3d 249, 254, 1995-Ohio-147, 648 N.E.2d 1355. This constitutes invited error.

**{¶13}** Accordingly, as the trial court did not err by adopting the magistrate's recommendation that Merlin's motion for a mistrial be denied, Merlin's assignment of error is meritless, and the judgement of the trial court is affirmed.

Waite, J., concurs.

Robb, P. J., concurs.